Filed 7/29/21

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | B301617 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA398731) |
| v. | |
| MAURICE WALKER, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, William N. Sterling, Judge. Reversed and remanded.

Law Offices of Jason Szydlik and Jason Szydlik for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General.

* * * * * *

When part of a criminal sentence is ordered stricken by an appellate court, the trial court on remand "has jurisdiction to modify *every* aspect of the sentence" when resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).) But is a trial court conducting such a resentencing required to exercise that jurisdiction in order to correct a different part of the sentence that has become incorrect by the time of resentencing? We conclude that the answer is "yes." Because the trial court in this case conducted a resentencing to correct one sentencing enhancement while letting stand another enhancement that had become incorrect, we reverse and remand for a plenary resentencing.

## FACTS AND PROCEDURAL BACKGROUND

### I.      Facts

In June 2012, Maurice Walker (defendant) stabbed a 77-year-old man with a knife.

### II.     Procedural Background

#### A.      *Charges, conviction and original sentencing*

The People charged defendant with (1) assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), and (2) elder abuse (*id.*, § 368, subd. (b)(1)).[1] As to both counts, the People also alleged that defendant personally inflicted great bodily injury on

---

[1]     The People also charged defendant with battery (Pen. Code, § 242), and the trial court imposed a six-month concurrent sentence, but that charge and sentence do not factor into any issue in this appeal, so will not be discussed further.

All further statutory references are to the Penal Code unless otherwise indicated.

a person 70 years or older (§ 12022.7, subd. (c)).  The People further alleged that defendant's 1983 juvenile adjudication for robbery and his 1992 conviction for assault with a deadly weapon constituted "strikes" within the meaning of our Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)), and that the 1992 conviction also qualified as a prior serious felony (§ 667, subd. (a)).  As pertinent to this appeal, the People lastly alleged that defendant had served two prior prison terms for felonies (§ 667.5, subd. (b))—namely, the 1992 assault conviction and a 2001 felony drug possession conviction (Health & Saf. Code, § 11350).

A jury found defendant guilty of these charges and found true the conduct enhancements.  Defendant admitted to the prior convictions.

The trial court sentenced defendant to prison for 20 years.  Specifically, the court imposed a principal sentence of eight years on the assault count (comprised of a base term of four years, doubled for one prior "strike"), plus five years for the personal infliction of great bodily injury enhancement, plus five years for a prior serious felony, plus two one-year enhancements for the two prior prison terms detailed above.  In calculating this sentence, the court stayed the sentence on the elder abuse count and dismissed defendant's 1983 juvenile adjudication as a "strike."

We affirmed defendant's conviction and sentence in an unpublished opinion.  (*People v. Walker* (Feb. 24, 2014, B245405).)

The judgment became final when the remittitur issued on April 28, 2014.

**B.** *Reduction of 2001 felony drug possession conviction to a misdemeanor*

On November 5, 2014, the Safety Neighborhoods and Schools Act took effect. (§ 1170.18.) That act, which is more commonly known as Proposition 47, redesignated several lower-level felonies as misdemeanors, prospectively, and also created a procedural mechanism by which persons previously convicted of such felonies could petition a court to have those convictions redesignated as misdemeanors "for all purposes." (*Ibid.*; see also *id.*, subd. (k).)

In May 2015, and pursuant to Proposition 47, the trial court redesignated defendant's 2001 felony drug possession conviction as a misdemeanor. However, in June 2015, the court denied defendant's request to carry that redesignation forward into this case by striking the one-year prior prison term enhancement based on that conviction.[2]

---

[2] Although the issue on appeal here is the same (namely, whether the trial court was right to decline to impose the prior prison term enhancement for the 2001 drug possession conviction), the rationale defendant previously advanced for attacking the trial court's declination differed: Previously, defendant argued that *Proposition 47 itself* mandated elimination of enhancements in final cases based on redesignated convictions; now, as discussed below, defendant argues that the trial court's partial resentencing effectively reopens a final case and mandates elimination of enhancements that are no longer properly imposed at the time of resentencing.

**C.** *Correction of sentencing error regarding the enhancements based on the 1992 assault with a deadly weapon conviction*

In October 2016, defendant petitioned this court for a writ of habeas corpus on the ground that the trial court erred in imposing the five-year enhancement for a prior serious felony *and* a one-year enhancement for a prior prison term for the same conviction—namely, the 1992 assault with a deadly weapon conviction.

In December 2016, we concluded that defendant "made a prima facie showing of entitlement to habeas corpus relief based on the imposition of an unlawful sentence enhancement" and issued an order to show cause that was returnable in the trial court.

In January 2017, the trial court issued an order granting relief that struck the one-year prior prison term enhancement for the 1992 assault with a deadly weapon conviction, and reduced the aggregate sentence from 20 to 19 years.

**D.** *Habeas petition seeking further reduction of sentence based on redesignation of 2001 drug possession conviction to a misdemeanor*

In December 2018,[3] defendant petitioned the trial court for a writ of habeas corpus on the ground that the May 2015 redesignation of his 2001 drug possession conviction from a felony to a misdemeanor meant that the one-year enhancement for having served a prior prison term for a felony was no longer

---

[3]    Defendant did not file this petition until December 2018 because he had been in the midst of appealing the June 2015 trial court order refusing to strike the prior enhancement for the prior drug possession conviction.

authorized when defendant's sentence was modified by the trial court in January 2017.

After receiving the People's opposition and holding a hearing, the trial court denied the petition. The court reasoned that its January 2017 order "was not a resentencing," that "the case was [therefore] final at the time Proposition 47 was enacted," and that defendant thus did not "have a right to have that . . . prison prior stricken."

### E. *Appeal*

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in denying his petition for a writ of habeas corpus because, at the time of the trial court's January 2017 modification of his sentence, his drug possession conviction could no longer support a one-year prison prior enhancement because it had been redesignated as a misdemeanor. This argument presents the following question: Was the trial court *required* to consider the Proposition 47-induced redesignation of defendant's drug possession conviction when it modified his sentence for other reasons in January 2017? We independently review this question, as it entails on questions of retroactivity and on the application of undisputed facts to the law. (*In re Marriage of Fellows* (2006) 39 Cal.4th 179, 183 [retroactivity]; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018 [law to undisputed facts].)

When an appellate court orders "*part* of a sentence . . . stricken," the trial court on remand nevertheless has "jurisdiction" to conduct "'a *full* resentencing *as to all counts* . . . , so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*Buycks, supra*, 5 Cal.5th at p. 893,

6

quoting *People v. Navarro* (2007) 40 Cal.4th 668, 681, italics added; *People v. Hill* (1986) 185 Cal.App.3d 831, 834 ["When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme[] . . . [and] may reconsider all sentencing choices."]; *People v. Burns* (1984) 158 Cal.App.3d 1178, 1184.)  Indeed, courts have consistently noted that it is "appropriate" and "proper" to conduct such a full resentencing.  (*Buycks*, at p. 893; *People v. Arbee* (1983) 143 Cal.App.3d 351, 355-356.)

Our December 2016 order did not explicitly order the trial court to dismiss the prior prison term enhancement for the 1992 assault charge; we only concluded that defendant had made a "prima facie showing" of entitlement to relief and issued an order to show cause returnable in the trial court on that issue. However, the trial court treated our order as one directing a resentencing because the court, without waiting for further briefing, issued its order granting relief and striking the enhancement at issue.  Thus, while not technically a remand for resentencing as to part of a sentence, our order became the functional equivalent.

Although, by virtue of the remand, the trial court had jurisdiction to conduct a full resentencing, the court obviously elected not to do so.  But was it *required* to do so in order to account for the redesignation of the 2001 drug possession conviction?

We conclude that the answer is "yes."

Thus far, courts have identified several circumstances in which a trial court, upon remand to fix one error in a criminal sentence, is not obligated to address other possible errors with that sentence.  If the appellate court's order upon remand grants

7

the trial court discretion whether to resentence and the court elects not to do so and leaves the prior sentence intact, there is no resentencing *at all*—and hence no need to address other possible errors in the sentence. (*People v. Ramirez* (2019) 35 Cal.App.5th 55, 63 (*Ramirez*).) If the appellate court's order upon remand requires correction as to one part of a sentence but the remand order limits the scope of resentencing, the trial court must adhere to the limits set forth in the remand order. (*Ramirez*, at p. 64 ["when an appellate court remands a matter with directions governing the proceedings on remand, "'those directions are binding on the trial court and *must* be followed.'" [Citation.]"]; *People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397.) If the appellate court's order upon remand requires correction as to one part of a sentence but altering another part of the sentence would be inconsistent with the parties' plea agreement, the trial court may not transgress that agreement. (*People v. Stamps* (2020) 9 Cal.5th 685, 700; *People v. Barton* (2020) 52 Cal.App.5th 1145, 1156-1157 ["The full resentencing rule does not apply [where] the parties' plea agreement specifies the punishment to be imposed."].) If the appellate court's order upon remand requires correction as to one part of a sentence and alterations to another part of the sentence could have been raised in a prior appeal but were not, the court need not make those alterations absent a showing of good cause or justification for delay in raising the issue. (*People v. Senior* (1995) 33 Cal.App.4th 531, 533, 539.)

None of these circumstances is present here. Instead, we issued an order that left the scope of resentencing entirely up to the trial court; the trial court resentenced defendant by striking the improper prior prison term enhancement; there was no plea agreement; and defendant's prior appeals either occurred prior to

8

Proposition 47's enactment or raised a variant of the argument he presses now.

When none of the above-specified circumstances is present, we hold that when a trial court corrects one part of a sentence on remand, it is obligated to address the effect of subsequent events that render other parts of that sentence legally incorrect. By correcting one part of the sentence, the trial court is resentencing the defendant and, in so doing, is not only permitted, but also obligated to look at the facts and the law in effect at the time of that resentencing, including "'any pertinent circumstances which have arisen since the prior sentence was imposed'" and whether they render a different part of the sentence legally incorrect. (*Buycks*, *supra*, 5 Cal.5th at p. 893, quoting *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460; *Navarro*, *supra*, 40 Cal.4th at p. 681 [urging a "remand for a full resentencing . . . so the trial court can exercise its sentencing discretion in light of the changed circumstances"].) And where the facts and law in effect at the time of resentencing dictate that some other component of the sentence is incorrect and hence unauthorized, the trial court is required to correct that component as well.[4] (*People v. Scott* (1994) 9 Cal.4th 331, 354-355 [an unauthorized sentence may be corrected "at any time"]; cf. *People v. Stevens* (1988) 205 Cal.App.3d 1452, 1456 [court need not revisit "components of the sentence" that are not unauthorized or "flawed"].) That is because a criminal sentence is, like an atom, indivisible: "[A]n

---

4       Of course, if the law becomes harsher by the time of sentence, application of that harsher law may be barred by prohibition against ex post facto laws. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9; *Collins v. Youngblood* (1990) 497 U.S. 37, 42-43; *People v. Grant* (1999) 20 Cal.4th 150, 158.)

aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834; *Stevens*, *supra*, at p. 1456 ["the components of an aggregate term are properly viewed as interdependent when calculating and imposing sentence"].) The trial court has a duty never to impose an unauthorized sentence, and a corollary of this duty is to ensure that *all* components of that sentence are authorized by the law and the facts at the time any new sentence is imposed. Applying this rule, the trial court was duty bound to recognize the facts and law in effect at the time of the January 2017 resentencing, including the redesignation of defendant's 2001 drug possession conviction, by not imposing the prior prison term enhancement related to that conviction. *Buycks* held as much when it noted that, when a trial court is in the midst of correcting one error on remand, the court "must . . . reevaluate the continued applicability of any enhancement based on a prior felony conviction." (*Buycks*, at p. 894.) Because, by January 2017, defendant's 2001 drug possession conviction had been redesignated, it was legally improper to impose a prior prison term enhancement for that conviction because that enhancement applies only to felonies (*People v. Tenner* (1993) 6 Cal.4th 559, 563). (Accord, *People v. Choi* (2021) 59 Cal.App.5th 753, 769 [imposition of a prior prison term enhancement when the underlying conviction was not qualifying amounts to an "unauthorized sentence"].)

The People respond with what boil down to three arguments.

First, the People argue that defendant is not entitled to redesignation of his 2001 drug possession conviction as a

misdemeanor because Proposition 47—the law that made that redesignation possible—did not take effect until November 2014, which was seven months *after* defendant's conviction initially became final in April 2014.  Although *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) created an exception to the default statutory presumption that new criminal laws operate on a purely prospective basis (§ 3) by holding that ameliorative criminal statutes (that is, those that "lessen the punishment") can apply retroactively, the People continue, *Estrada* allows for retroactive application of new ameliorative statutes only if they "become[] effective prior to the date the judgment of conviction becomes final." (*Id.* at p. 744.)  Because defendant's conviction became final *before* Proposition 47 became effective, the People conclude, the boon that *Estrada* grants defendants whose convictions are still in the "pipeline" of direct appeal does not apply to defendant, and should not be extended to reach him just because of the fortuity that another error in his original sentence necessitated a partial resentencing.  This *Estrada*-focused argument is misplaced.  The timing of Proposition 47's enactment vis-à-vis the finality of defendant's original judgment of conviction is beside the point where, as here, that judgment was subsequently vacated when the trial court was ordered to resentence defendant in December 2016.  In this circumstance, the issue is more properly framed as asking whether the order to resentence to correct one component of the sentence obligated the trial court to correct the other component that had become incorrect due to Proposition 47's indisputably correct application to defendant's long-final 2001 drug possession conviction.  And, as explained above, the answer to that question is "yes."  Indeed, *Buycks* went out of its way to explain that a trial court's duty to "reevaluate

11

the continued applicability of any enhancement based on a prior felony conviction" exists "notwithstanding the *Estrada* rule." (*Buycks*, *supra*, 5 Cal.5th at p. 894.)

Second, the People argue that the Court of Appeal is divided on whether a trial court's correction of one part of a previously final sentence for a then-juvenile defendant obligates the trial court, consistent with the subsequently enacted Proposition 57, to transfer the entire case to the juvenile court to evaluate whether the case belongs in juvenile or adult court. (Compare *People v. Padilla* (2020) 50 Cal.App.5th 244, 253-255, review granted Aug, 26, 2020, S263375 [transfer required]; *People v. Lopez* (2020) 56 Cal.App.5th 835, 839, review granted Jan. 27, 2021, S280521 [same]; *Ramirez, supra*, 35 Cal.App.5th at p. 64 [same]; *People v. Hwang* (2021) 60 Cal.App.5th 358, 366-367 [same] with *People v. Federico* (2020) 50 Cal.App.5th 318, 327-328, review granted Aug. 26, 2020, S263082 [no transfer required].) That split of authority, however, involves a different question than the one presented here. Asking whether a trial court's modification to one component of a sentence requires correction to a different component of that sentence is not the same as asking whether a trial court's modification to one component of a sentence requires transfer of the *entire case* to a different venue in a way that may result in the underlying conviction itself being vacated. (Cf. *People v. Jackson* (1967) 67 Cal.2d 96, 98-99 [remand for resentencing does not allow for challenges to the underlying conviction]; *Padilla, supra*, 50 Cal.App.5th at p. 253 ["a collateral proceeding may reopen the finality of a sentence for retroactivity purposes, even while the conviction remains final"]; *People v. Webb* (1986) 186 Cal.App.3d 401, 410 [same]; *People v. Espinoza* (2014) 229 Cal.App.4th 1487,

12

1497-1498 [power to modify sentence under section 1170, subdivision (d) does not encompass power to modify the underlying conviction]; *People v. Blount* (2009) 175 Cal.App.4th 992, 998 [same].)

Lastly, the People argue that the trial court here chose not to conduct a full resentencing and we should respect its choice. While it is true that the trial court chose only to correct the error regarding the prior prison term enhancement for the 1992 assault conviction, the question presented on appeal is whether this choice was proper when there was a second error that needed to be corrected. Simply pointing out that the choice was made does not help us with the question presented. More to the point, by suggesting that a trial court should be able to tinker with one component of a sentence while leaving another unauthorized component untouched ignores the aggregate and atomic nature of a criminal sentence.

## DISPOSITION

The judgment is reversed and remanded for the trial court to strike the prior prison term enhancement based on the 2001 drug possession conviction, and to consider whether to conduct a full resentencing.

**<u>CERTIFIED FOR PUBLICATION</u>**.

_____, J.
HOFFSTADT

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ