Filed 5/8/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | G056522 |
| v. | (Super. Ct. No. 07WF2103) |
| LUIS ALBERTO RAMIREZ et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge. Affirmed. Motion to dismiss. Denied.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Respondent Luis Alberto Ramirez.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Respondent Jose Roberto Armendariz.

Tony Rackauckas and Todd Spitzer, District Attorneys, and Holly M. Woesner, Deputy District Attorney, for Plaintiff and Appellant.

\* \* \*

A jury found defendants Luis Alberto Ramirez and Jose Roberto Armendariz committed two gang-related murders when they were juveniles. The trial

court originally sentenced Ramirez to life without the possibility of parole, plus 65 years to life, and it sentenced Armendariz to 90 years to life. A lengthy appeals process ensued. Eventually, this court reversed the sentences and remanded the matter to the trial court for resentencing. (See *People v. Ramirez* (Aug. 27, 2014, G044703) [nonpub. opn.]

Following remand, Proposition 57 was enacted. Among other provisions, Proposition 57 eliminated direct filing of criminal charges against juveniles in adult court. Instead, before filing in adult court, the prosecution must file a motion in juvenile court asking the court to transfer the minor to adult court. "Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult." (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303 (*Lara*).) The California Supreme Court has held that Proposition 57 applies retroactively to all cases not yet final at the time it was enacted. (*Id.* at p. 304.). The high court also approved the following remedy for a Proposition 57 violation: The appellate court must conditionally reverse the judgment and remand the matter to the juvenile court to hold a transfer hearing. If the juvenile court determines it would have transferred the juvenile to adult court, the adult court must reinstate the convictions and sentence. If the juvenile court finds it would not have transferred the juvenile, the court will treat the convictions as juvenile adjudications and impose an appropriate disposition. (*Id*. at pp. 310, 313.)

Thereafter, defendants filed a motion requesting the superior court remand their case to the juvenile court per Proposition 57 and *Lara*. Over the prosecutor's objections, the court granted the motion and ordered the matter transferred to the juvenile court. The District Attorney sought review of the trial court's transfer order via writ and direct appeal. We summarily denied the District Attorney's petition for a writ of mandate or prohibition, leaving only the instant appeal.

Defendants filed a motion to dismiss the instant appeal, contending the trial court's transfer order is not appealable. We deny the motion to dismiss. Notwithstanding the fact this court reversed defendants' sentences, the transfer order is appealable under

2

Penal Code section 1238, subdivision (a)(5), as an "order made after judgment, affecting the substantial rights of the people." Judgments were entered when the initial sentences were imposed. While the sentences were reversed and resentencing ordered, the resentencing will result in modified judgments, not new judgments. Because the transfer order affects the People's ability to enforce the modified judgements, it is appealable under Penal Code section 1238, subdivision (a)(5).

On the merits, the District Attorney contends the trial court lacked authority to order the matter transferred to the juvenile court because the transfer order exceeded the scope of the remittitur. In the remittitur, we ordered the trial court to resentence defendants. The District Attorney concedes that defendants are entitled to the benefit of Proposition 57. Per *Lara*, a juvenile entitled to the benefits of Proposition 57 generally cannot be sentenced in adult court unless the juvenile court has ordered the juvenile transferred to adult court. Thus, to effectuate the resentencing mandate in the remittitur, the trial court could properly consider the effects of Proposition 57 and, in most cases, order the matter transferred to the juvenile court to hold a transfer hearing. Accordingly, the trial court's transfer order did not exceed the scope of the remittitur.

The District Attorney also contends the trial court lacked the authority to transfer the matter to juvenile court because the juvenile court lacked jurisdiction to hold the transfer hearing. According to the District Attorney, the juvenile court has no jurisdiction over defendants, who were older than 25 years old at the time the trial court ordered the transfer. While the juvenile court has no continuing jurisdiction over defendants, it has jurisdiction to hold a transfer hearing involving defendants. In light of Proposition 57 and *Lara*, the trial court properly transferred the matter to the juvenile court to hold a transfer hearing. Accordingly, we affirm.

3

# I

## FACTUAL AND PROCEDURAL BACKGROUND

We summarized the facts of the underlying crimes in our prior opinion. Briefly, defendants were members of a criminal street gang when they confronted and exchanged insults with two rival gang members. Ramirez then pulled out a handgun, fired multiple shots and killed the two victims. Armendariz aided and abetted the murders. Ramirez and Armendariz were both 16 years old when the shooting occurred on August 27, 2007. (See *People v. Ramirez* (Aug. 27, 2014, G044703) [nonpub. opn.].)

The defendants appealed after the trial court imposed lengthy sentences. This court reversed, concluding the sentences amounted to cruel and unusual punishment in light of defendants' youth at the time of the crimes. The California Supreme Court granted the Attorney General's petition for review, and remanded with instructions to vacate our decision and reconsider the matter in light of *People v. Gutierrez* (2014) 58 Cal.4th 1354 (*Gutierrez*), which requires a sentencing court to consider youth-related factors. This court issued a revised opinion, and remanded the matter to the trial court to "resentence both defendants in accordance with the requirements outlined in *Gutierrez.*" (See *People v. Ramirez* (Aug. 27, 2014, G044703) [nonpub. opn.].)[1]

Following our remand, defendants filed a motion requesting the court transfer the matter to juvenile court based on the mandate of Proposition 57 and the holding in *Lara*, *supra*, 4 Cal.5th 299. Defendants argued that Proposition 57 and *Lara* entitled them, "as a matter of right, to have their cases remanded to the Juvenile Court for transfer hearings and further proceedings." Specifically, they argued that under *Lara*,

---

[1] This court also affirmed the convictions, except Armendariz's first degree murder conviction on count 1. We remanded with directions to "allow the prosecutor to either accept the reduction of Armendariz's conviction on count 1 to second degree murder or to retry the charge of first degree murder based solely on the aiding and abetting theory." (See *People v. Ramirez* (Aug. 27, 2014, G044703) [nonpub. opn.].)

4

"the court is without jurisdiction to take any further action in this matter other than to transfer the case in its entirety to the Orange County Juvenile Court forthwith."

The District Attorney opposed the motion to remand the case to juvenile court, arguing that the juvenile court no longer had jurisdiction over defendants, who are now older than 25 years, and therefore an order remanding the matter to juvenile court "is not only barred, [but] makes no sense." The District Attorney distinguished *Lara*, *supra*, 4 Cal.5th 299, emphasizing the defendant was 17 or 18 years old at the time the Supreme Court rendered its decision and approved the remedy of remand to the juvenile court.

In reply, defendants argued the juvenile court had original jurisdiction under Welfare and Institutions Code section 602 because defendants committed the charged crimes when they were 16 years old. (All further statutory references are to the Welfare & Institutions Code, unless otherwise stated.) Although conceding the juvenile court could not retain jurisdiction over defendants because they have aged out, defendants argued the juvenile court still had jurisdiction to hold a transfer hearing or other proceedings.

The trial court granted the motion to remand the case to juvenile court. The court concluded it was compelled to grant the motion based on our remand order and the high court's decision in *Lara*, *supra*, 4 Cal.5th 299.

II

DISCUSSION

A. *Motion to Dismiss*

Defendants contend the trial court's transfer order is not appealable under section 1238, subdivision (a)(5), as an "order made after judgment, affecting the substantial rights of the people." Defendants argue that because this court reversed their sentences, no sentence was imposed and no judgment exists. In addition, defendants argue the People's substantial rights were unaffected because the "People have no right to

5

keep a juvenile in a court of criminal jurisdiction and to proceed to resentencing without the juvenile court conducting a transfer hearing." We reject defendants' contentions.

The trial court's transfer order is appealable under Penal Code section 1238, subdivision (a)(5), as an "'order made after judgment, affecting the substantial rights of the people.'" *People v. Lo* (1996) 42 Cal.App.4th 189, 196 (*Lo*), is instructive. There, following the juvenile defendant's conviction for first degree murder in adult court, the sentencing court committed him to the California Youth Authority (CYA). Nine months later, the CYA's Youthful Offenders Parole Board concluded the defendant was an inappropriate candidate for CYA treatment and returned him to adult court for resentencing. (*Id.* at p. 191-192.) The sentencing court refused to resentence and ordered the defendant returned to CYA. This court concluded the order returning the defendant to CYA was appealable under Penal Code section 1238, subdivision (a)(5), as an appeal made after judgment, affecting the substantial rights of the People. (*Id.* at p. 196.) Similarly, the trial court here refused to resentence defendants and instead transferred the matter to the juvenile court. The refusal to resentence affected the People's substantial right to enforce a judgment in adult court, (*People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979, 987), and impacted the People's ability to carry out its "'prosecutorial duties in the future.' [Citation.]" (*In re Anthony* (2015) 236 Cal.App.4th 204, 212.)

Unlike the instant case, *Lo* is not a case where the appellate court reversed the trial court's initial sentence and ordered resentencing. Defendants contend the legal effect of our decision to reverse their sentences and remand for resentencing effectively vitiates the judgment and therefore the trial court's transfer order is not a postjudgment order. We disagree. As our high court has explained, "when a reviewing court identifies error relating solely to sentencing, it ordinarily does not reverse the judgment of conviction or remand for a new trial. Rather, typically, it simply remands for resentencing. [Citations.] Even when reviewing courts have found error requiring the

6

reversal of some part of the judgment of conviction, they frequently—as in this case—issue an order that calls for a new trial *if* the prosecutor determines to retry the reversed count or, in the *alternative*, that calls simply for a resentencing hearing in the event the prosecutor decides not to retry the reversed count. [Citations.] [¶] Such a routine order remanding for resentencing does not necessarily operate even to vacate the original sentence . . . ." (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1255.) "[I]f, after a limited remand involving the sentence, 'the trial court decide[s] not to exercise its discretion to modify the original sentence, that sentence would remain in effect, and the defendant need not be resentenced but should be remanded to continue serving the term previously imposed.' [Citation.] Even when the trial court on remand exercises its discretion and modifies the sentence, the original sentence is not viewed as void *ab initio* . . . . [Citation.]" (*Ibid.*)

Here, this court did not reverse the judgment. Rather, we remanded to permit the prosecutor to retry one charge or to accept a reduced sentence, and otherwise remanded for resentencing. Our remand order did not necessarily vacate the original sentence and therefore an operative judgment remained. (See *Fadelli Concrete Pumping, Inc. v. Appellate Department* (1995) 34 Cal.App.4th 1194, 1200 ["In a criminal case, judgment is synonymous with the imposition of sentence."]; *People v. Buckhalter* (2001) 26 Cal.4th 20, 35-36 ["original sentence remained in effect, and continued to govern the defendant's custody, unless and until it was disturbed as a result of the remand proceedings."].) Thus, the trial court's transfer order is a post-judgment order. (See *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1294 ["when the judgment is modified (even if modified nunc pro tunc), the order modifying the judgment is a postjudgment order, which may be appealable under Penal Code section 1238, subdivision (a)(5)"].) We conclude the trial court's order is appealable and therefore we reject defendants' motion to dismiss the instant appeal.

7

B. *Transfer Order Is Not Outside Scope of Remittitur*

The District Attorney contends the trial court's transfer order exceeded its jurisdiction on remand. It is well-established that "[t]he order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701; accord, *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 ["the terms of the remittitur define the trial court's jurisdiction to act"].) In short, when an appellate court remands a matter with directions governing the proceedings on remand, "'those directions are binding on the trial court and *must* be followed. Any material variance from the directions is unauthorized and void.' [Citation.]" (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 860.)

Here, we remanded the matter with directions to the trial court to "resentence both defendants in accordance with the requirements outlined in *Gutierrez*." (See *People v. Ramirez* (Aug. 27, 2014, G044703) [nonpub. opn.].) "When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834; accord, *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259 ["upon remand for resentencing after the reversal of one or more subordinate counts of a felony conviction, the trial court has jurisdiction to modify every aspect of the defendant's sentence on the counts that were affirmed, including the term imposed as the principal term"].) Thus, per our remittitur, the trial court had jurisdiction to consider any and all factors that would affect sentencing. As stated above, a juvenile defendant entitled to the benefit of Proposition 57 cannot be "sentenced as an adult," if the juvenile court has not transferred the juvenile to adult court. (*Lara*, *supra*, 4 Cal.5th at p. 303.) Additionally, under Proposition 57, a defendant is entitled to a juvenile court transfer hearing before the defendant is resentenced following remand from the appellate court. (*People v. Cervantes* (2017) 9 Cal.App.5th 569, 609-611 (*Cervantes*), overruled on another point by *Lara*, *supra*,

8

4 Cal.5th at p. 315; see also *People v. Vela* (2018) 21 Cal.App.5th 1099, 1113-1114 [on remand, criminal court directed to "resentence Vela consistent with the bounds of its discretion," only if the juvenile court determines it would have transferred juvenile to adult court].)  Thus, to comply with the remittitur, the trial court was *required* to consider the effect of Proposition 57 and issue any related orders.  In most cases, this could include transferring the matter to the juvenile court to hold a transfer hearing.  Accordingly, the trial court's transfer order was not outside the scope of the remittitur.

C. *Trial Court's Transfer Order Was Proper*

The trial court concluded *Lara* compelled it to transfer the case to the juvenile court to hold a transfer hearing before it could resentence defendants.  *Lara* held that Proposition 57's bar on direct filing in adult court applies retroactively to criminal cases not yet final at the time it was enacted.  In remanding to the juvenile court per Proposition 57 and *Lara*, the trial court necessarily concluded – and the People do not dispute – that Proposition 57 applies to the instant case.

To cure a Proposition 57 violation, the high court in *Lara* approved the remedies proposed in *Cervantes*, *supra*, 9 Cal.App.5th 569, and *People v. Vela* (2017) 11 Cal.App.5th 68, review granted July 12, 2017, (S242298) (*Vela*), which held that Proposition 57 operates retroactively under the rule announced in *In re Estrada* (1965) 53 Cal.2d 740.).[2]  (*Lara*, *supra*, 4 Cal.5th at p. 313.)  In both cases, the matter was remanded to the juvenile court to hold a transfer hearing.  In *Cervantes*, the appellate court held that a juvenile defendant is entitled to a transfer hearing before being retried or resentenced in adult court.  (See *Cervantes*, *supra*, 9 Cal.App.5th at p. 609-611.)  In *Vela*, this court conditionally reversed the convictions and sentence, and ordered the juvenile

---

[2]  *Lara* cited the original decision issued in *Vela*, then on review in the Supreme Court.  (See *Lara*, *supra*, 4 Cal.5th at pp. 306, 310.)  The Supreme Court subsequently vacated the original opinion filed in *Vela* and this court refiled a substantially similar decision in *People v. Vela*, *supra*, 21 Cal.App.5th 1099.

court to hold a transfer hearing. If, after conducting the transfer hearing, the juvenile court determines that it would have transferred the juvenile to adult court, the convictions and sentence must be reinstated. (*Vela*, *supra*, 11 Cal.App.5th at p. 82.)

In *Lara*, however, the defendant was younger than 25 years old when his case was sent to the juvenile court to hold a transfer hearing. (See *Lara*, *supra*, 4 Cal.5th at pp. 303-304 [defendant committed his crime in 2014, when he was 14; his case was transferred to the juvenile court in November 2016, when he was 16 or 17 years old; and the Supreme Court affirmed the transfer order in February 2018, when he was 18 or 19 years old].) Thus, *Lara* did not address the issue raised in this instant appeal: may a criminal matter be remanded to juvenile court to hold a transfer hearing where the defendants have aged out of the juvenile system?

In addressing this question, we necessarily interpret various statutes involving the juvenile court's jurisdiction over defendants who are no longer minors. In interpreting those statutes, "we approach it in the familiar framework. Our fundamental task is to determine the Legislature's intent and give effect to the law's purpose. [Citation.] We begin by examining the statute's words "'because they generally provide the most reliable indicator of legislative intent." [Citation.] If the statutory language is clear and unambiguous our inquiry ends.' [Citation.] However, we 'will not give statutory language a literal meaning if doing so would result in absurd consequences that the Legislature could not have intended. [Citations.]' [Citation.]" (*In re D.B.* (2014) 58 Cal.4th 941, 945-946.)

It is well-established that "the power to transfer, as well as the authority to control calendars and dockets, are part of the court's inherent authority." (*Rosenberg v. Superior Court* (1998) 67 Cal.App.4th 860, 867.) However, "the power to transfer is not absolute. A transfer must further the ends of justice." (*Id.* at p. 868.) Here, the District Attorney's challenge to the trial court transfer order is effectively a claim that it would not further the ends of justice to transfer the instant matter to juvenile court because the

10

juvenile court lacked jurisdiction over defendants, who have aged out of the juvenile system. (See also *Hebert v. Gray* (1942) 49 Cal.App.2d 162, 165 ["If that court to which the action was transferred did not have original jurisdiction, jurisdiction could not be conferred on that court by consent or by motion."].)

"A 'juvenile court' is a superior court exercising limited jurisdiction arising under juvenile law." (*In re Chantal S.* (1996) 13 Cal.4th 196, 200.) Section 602 provides that any person who is between the ages of 12 and 17 when he or she violates any law of this state "is within the jurisdiction of the juvenile court, which may adjudge [him or her] to be a ward of the court." Because the juvenile court's jurisdiction is based on age at the time of the violation of a criminal law or ordinance, "[i]t is therefore possible that a person might commit a murder at age 17, be apprehended 50 years later, and find himself subject to juvenile court jurisdiction at age 67." (*Rucker v. Superior Court* (1977) 75 Cal.App.3d 197, 200 (*Rucker*).) Once the juvenile court has "initial" jurisdiction, it may retain jurisdiction over a ward until he or she turns 21 years old (§ 607, subd. (a)), or, until 25 years old, if the ward "was committed [by the juvenile court] to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities" for a crime "listed in subdivision (b) of Section 707." (§ 607, subd. (b); see also *In re Antoine D.* (2006) 137 Cal.App.4th 1314, 1320.)

The District Attorney contends the juvenile court lacked jurisdiction to hold a transfer hearing under section 707 because defendants have aged out of the juvenile system. In support, the District Attorney relies on *In re Arthur N.* (1976) 16 Cal.3d 226 (*In re Arthur*), superseded by statute on other grounds as stated in *In re Eddie M.* (2003) 31 Cal.4th 480, 485. There, the California Supreme Court stated: "Since the juvenile court retains jurisdiction only until a ward becomes 21 (§ 607), that court no longer has jurisdiction except to enter its order dismissing the wardship *nunc pro tunc* to the date on which its jurisdiction terminated." (*In re Arthur*, *supra*, 16 Cal.3d at p. 241.) The high court's statement, however, involved a juvenile court's "continuing" jurisdiction under

11

section 607. It did not involve the juvenile court's "initial" jurisdiction under section 602.

As stated above, under section 602, the juvenile court has jurisdiction to "adjudge the minor to be a ward of the court." Implicit in this grant of authority is the presumption that the prosecutor has filed a juvenile wardship petition to commence proceedings in juvenile court. (See § 650, subd. (c) ["Juvenile court proceedings to declare a minor a ward of the court pursuant to Section 602 are commenced by the filing of a petition by the prosecuting attorney."].) The juvenile court therefore has jurisdiction to rule on the wardship petition.

The juvenile court also has jurisdiction to issue rulings related to the wardship petition, including transferring the minor to adult court. Specifically, section 602 provides that the trial court may "adjudge a minor to be a ward of the court" "[e]xcept as provided in Section 707." As amended by Proposition 57, section 707 sets forth the procedure for a prosecuting attorney to request a transfer hearing and lists the five criteria the juvenile court must consider in ruling on the transfer motion. Notably, the fifth criterion requires consideration of "[t]he circumstances and gravity of the offense alleged in the [wardship] petition to have been committed by the minor." (§ 707, subd. (a)(3)(E).) Similarly, section 606 provides that "[w]hen a petition has been filed in a juvenile court, the minor who is the subject of the petition shall not thereafter be subject to criminal prosecution based on the facts giving rise to the petition unless the juvenile court finds that the minor is not a fit and proper subject to be dealt with under this chapter and orders that criminal proceedings be resumed or instituted against him, or the petition is transferred to a court of criminal jurisdiction pursuant to subdivision (b) of Section 707.01." Section 707.01 enumerates what happens in juvenile court "[i]f a minor is found an unfit subject to be dealt with under the juvenile court law pursuant to Section 707." In sum, the juvenile court's "initial" jurisdiction under section 602 includes jurisdiction to hold a transfer hearing under section 707.

12

Here, defendants were entitled to a juvenile court transfer hearing per Proposition 57 and *Lara*. Under section 602, the juvenile court had jurisdiction to hold that hearing because defendants committed their crimes when they were 16 years old. The trial court therefore properly transferred the matter to juvenile court to hold the required transfer hearing.

## III

### DISPOSITION

The order transferring the matter to juvenile court is affirmed.


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.