Filed 5/6/22  P. v. Walston CA3
Opinion after vacating opinion filed on 11/4/21

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C092121 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19CR001167, 20CR000001) |
| v. | |
| RAYMOND WALSTON III, | |
| Defendant and Appellant. | |

Defendant Raymond Walston III pled guilty to possession of a controlled substance while armed with a firearm, willfully driving a vehicle on a highway in the direction opposite to lawful traffic during flight from a pursuing peace officer, and resisting an executive officer.  The trial court sentenced defendant to the upper terms of imprisonment for willfully driving a vehicle on a highway in the direction opposite to lawful traffic during flight from a pursuing peace officer and for resisting an executive officer.  The court further imposed $1,500 in restitution fines, a $120 court operations assessment, a $90 convictions assessment, and a $360 drug program fee.  Defendant appeals the imposition of the upper terms of imprisonment and these fines, assessments, and fee.

1

We agree defendant's case must be remanded for resentencing under newly enacted legislation requiring the trial court to impose a term of imprisonment not exceeding the middle term unless: (1) aggravating circumstances have been established by stipulation or found true beyond a reasonable doubt at trial; or (2) the defendant has a prior convictions as established by certified records. (Pen. Code,[1] § 1170, subd. (b), as amended by Sen. Bill No. 567, Stats. 2021, ch. 731, § 1.3.) Upon remand, the trial court may consider defendant's fines and fees anew. (See *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64.)

FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2019, at 11:15 p.m., a California Highway Patrol Officer saw defendant driving past him going over 100 miles an hour. The officer pursued defendant's car and attempted to pull him over. Defendant slowed down but did not pull over for another half mile. Once the officer contacted defendant, defendant became "aggressive and hostile" and told the officer "I don't have to roll down my window, you know who I am just write me the fucking ticket so I can get outta here." The officer responded that he did not know who defendant was, and defendant repeated, "You know who I am, I'm Raymond, write me the ticket or get the fuck out." The officer asked defendant to write down his name, and defendant complied. When the officer went back to his patrol car to verify defendant's identity, defendant sped away.

The officer pursued defendant with the patrol car's lights and siren activated. Defendant drove into a residential neighborhood reaching a speed of 60 miles per hour. Defendant ran through stop signs, stop lights, and drove in both lanes of the road. At some point, defendant stopped his car at a house but refused to get out of the car. Defendant yelled, "Fuck that, I'm not going back to jail, I just want to check on my girl!"

---

[1] All further section references are to the Penal Code unless otherwise specified.

After several minutes, defendant sped away driving in both lanes of the road. He eventually drove onto the freeway where he reached a speed of 108 miles per hour before returning to a rural highway.

To stop defendant, officers put a spike strip across the road, but defendant stopped his car before hitting the spikes. The pursuing officer parked behind defendant and blocked him from escaping. The officer commanded defendant to get out of his car but defendant refused. Defendant then backed into the officer's car before driving over the spike strip, which deflated defendant's right front tire. Defendant continued driving down the highway at 60 miles per hour, running through another red light. Defendant eventually returned to the same residence he had stopped at earlier. He again refused to surrender and comply with the officer's commands.

Defendant then drove away and, in the process, ran into the side of the officer's patrol car. Defendant again drove through stop signs and drove into the other lane of the road. The pursuit continued until the officer hit the side of defendant's car with the patrol car, causing defendant's car to drive off the road and hit a small walnut tree.

Defendant got out of his car and began to walk away. The officer approached defendant with his gun drawn. In response, defendant swung his arms, clenched his fists, took a fighting stance, and yelled, "Fuck you, come and get me." Once the officer determined defendant did not have a weapon, he holstered his gun, and ordered defendant to get on the ground. Defendant refused so the officer grabbed defendant's arm and shoulder and attempted to push him to the ground. Defendant fought the officer, causing the officer to lose his footing. Defendant broke free and ran into an orchard. An assisting officer was able to tackle defendant, but defendant continued to fight. Eventually, both officers gained control of the defendant's arms and placed him under arrest. The pursuit lasted 45 minutes and covered 34 miles.

Based on these facts, defendant pled guilty to willfully driving a vehicle on a highway in the direction opposite to lawful traffic during flight from a pursuing peace

officer and resisting an executive officer. He further pled guilty in another case to possession of a controlled substance while armed with a firearm. Defendant's plea agreement did not include a stipulated sentence, and it was instead left to the trial court to determine the appropriate sentence.

When sentencing defendant, the trial court said, "[This] is not quite the defendant's first brush with the law as far as a felony is concerned, I won't use [the prosecutor's] language as far as the gusto is concerned but, nonetheless, the conduct in [the pursuit case] is well beyond what the Court normally sees in [that] type of situation. That conduct in and of itself is going to basically indicate to the Court the defendant is a risk and he is a risk to where probation is not going to be granted. It would be very easy to simply max him out in either one of the cases based on this conduct alone . . . , but the Court isn't going to do that." The trial court then sentenced defendant to the upper term of three years for willfully driving a vehicle on a highway in the direction opposite to lawful traffic during flight from a pursuing peace officer. It imposed a concurrent upper-term sentence of three years for resisting an executive officer, and a consecutive one-third the midterm of one year for possessing a controlled substance while armed with a firearm. The trial court further imposed $1,500 in restitution fines, a $120 court operations assessment, a $90 convictions assessment, and a $360 drug program fee.

Defendant appeals.

DISCUSSION

Defendant contends his sentence should be vacated and remanded in light of Senate Bill No. 567's amendments to section 1170, subdivision (b). The People argue that, although the amendments apply here, vacating defendant's sentence and remanding the case for resentencing is unnecessary because the record reflects beyond a reasonable doubt a trier of fact would have found the aggravating circumstance cited by the trial court true. We agree with the parties the amendment to section 1170, subdivision (b) applies to defendant and agree with defendant remand is necessary.

4

Senate Bill No. 567 provides that the chosen term shall not exceed the middle term unless the facts supporting the aggravating circumstances are: (1) established by the defendant's stipulation, (2) proven to the trier of fact beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified record of conviction. (Stats. 2021, ch. 731, §§ 1.3, 3(c), adding § 1170, subd. (b)(1)-(3), by amendment.) The parties correctly agree the amendments qualify as ameliorative changes to the sentencing laws and therefore apply to any judgment that, like defendant's, was not final on the new legislation's operative date. (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 306-308; *People v. Frahs* (2020) 9 Cal.5th 618, 624-625.)

The People contend, however, defendant's case does not need to be remanded because we may conclude beyond a reasonable doubt that, a jury applying the beyond-a-reasonable-doubt standard, would find, as the trial court did, that defendant's case was " 'well beyond' the typical case of fleeing a pursuing peace officer's motor vehicle and driving against traffic." We disagree.

The People view the situation as akin to error under *Cunningham*, which held a prior version of section 1170, subdivision (b) unconstitutional because it allowed a sentencing court, rather than the jury, to find the facts that exposed a defendant to an elevated sentence. (*Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856].) *Cunningham* error -- denial of the right to a jury trial on aggravating circumstances -- was held to be subject to harmless error review under *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705]. (*People v. Sandoval* (2007) 41 Cal.4th 825, 838-839.) In that context, " '[i]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury,' the error is harmless." (*People v. Flores* (2022) 75 Cal.App.5th 495, 500, quoting *Sandoval*, at p. 839.)

In *Sandoval*, our Supreme Court cautioned the reviewing court not to assume a trial court record reflects all the evidence that would have been presented had aggravating circumstances been submitted to a jury. (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 839.) Our Supreme Court observed the defendant's incentive and opportunity at the sentencing hearing to contest any aggravating circumstance "were not necessarily the same as they would have been had the aggravating circumstances been tried to a jury" and, "to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*Id.* at pp. 839, 840.)

These concerns weigh against finding the error harmless here, where the aggravating circumstance relied on by the trial court rested on a vague or subjective standard that required comparison to other cases. As our Supreme Court explained, "Many of the aggravating circumstances described in the rules," such as whether the victim " 'was *particularly* vulnerable' " or whether the crime involved a " 'taking or damage of *great* monetary value,' " "require an imprecise quantitative or comparative evaluation of the facts." (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 840; see *People v. Lincoln* (2007) 157 Cal.App.4th 196, 204 ["making assessments of what a jury would have decided with respect to 'somewhat vague or subjective standard[s]' is a thorny task"].) We cannot conclude a jury unquestionably would have found true defendant's conduct was particularly egregious when compared to other defendants' conduct while committing the same crimes. Accordingly, remand is necessary, and we need not consider defendant's challenges to the imposition of the fines, assessments, and fee. (See *People v. Ramirez*, *supra*, 35 Cal.App.5th at p. 64 [when a case is remanded for resentencing, the trial court may consider the entire sentencing scheme and has jurisdiction to modify any aspect of a defendant's sentence].)

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for resentencing in the full exercise of the trial court's independent discretion.

/s/ _____
Robie, Acting P. J.

We concur:

/s/ _____
Mauro, J.

/s/ _____
Duarte, J.