Filed 9/7/22  P. v. Davis CA3
See concurring opinion

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C093994 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR82824) |
| v. | |
| JOSEPH VICTOR DAVIS, | |
| Defendant and Appellant. | |

Defendant Joseph Victor Davis appeals the trial court's 2021 recall and resentencing of his 2012 sentence.  He argues his upper term sentences on three counts of assault, left intact by the trial court, cannot stand in light of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which, as of January 1, 2022, modified the guidelines for the imposition of an upper term sentence.  The People agree that the new legislation applies retroactively to defendant's case but contend he has failed to meet his burden to demonstrate error by providing an insufficient record and, furthermore, any error in

1

imposing the upper terms was harmless. We remand for full resentencing and otherwise affirm the judgment.

## BACKGROUND

In June 2012, a jury found defendant, then 28 years old, guilty of three counts of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)),[1] three counts of carjacking (§ 215, subd. (a)), and being a felon in possession of a firearm (former § 12021, subd. (a)(1)) and ammunition (former § 12316, subd. (b)(1)). Defendant stipulated to a prior felony conviction, having been convicted in 2005 of possessing stolen property and evading a police officer. The jury found true enhancement allegations that defendant personally used a firearm in the assault and carjacking counts. (§§ 12022.5, subd. (a), 12022.53, subd. (b).) Defendant also admitted, under the then-current version of section 667.5, subdivision (b), to serving a prior prison term for his 2005 convictions.

A presentencing probation report identified circumstances in aggravation: the victims were vulnerable, defendant had numerous prior juvenile and adult adjudications and convictions, he served the 2005 prison term, and his performance on parole was unsatisfactory. The report stated there were no mitigating circumstances. The report concluded defendant "is clearly a significant danger to the community and should be sentenced to state prison for the longest time possible."

In the July 2012 sentencing hearing, the trial court stated, "I agree with the [probation] report as it analyzes the terms in aggravation and mitigation, to wit there are no terms in mitigation. And the circumstances in aggravation certainly include [defendant's] prior adjudications and convictions, his prior prison terms and his performance on parole. The report concludes that he is a significant danger to the

---

[1] Undesignated statutory references are to the Penal Code.

community, which given his records I have to agree with." In formulating defendant's sentence, the court specifically mentioned the probation report and the court's recollection of the facts from defendant's trial. The court sentenced defendant to an aggregate term of 26 years 4 months consisting of: a principal term of nine years (upper term) for an assault count plus 10 years for the firearm enhancement, with identical concurrent terms for the remaining two assault counts; a consecutive term of five years (one-third middle term) for a carjacking count plus the firearm enhancement, with identical concurrent terms for the remaining two carjacking counts; consecutive eight-month one-third middle terms for the firearm and ammunition possession; and one year for the prior prison term.

In October 2014, this court, concluding section 654 precluded separate punishment for both possessing a gun and possessing the ammunition inside that gun, stayed the punishment for defendant's possession of ammunition, thereby reducing defendant's sentence by eight months. (*People v. Davis* (Oct. 16, 2014, C071689) [nonpub. opn.].)

In April 2021, pursuant to a request by the Department of Corrections and Rehabilitation (CDCR) under the then-current version of section 1170, subdivision (d)(1),[2] the trial court recalled defendant's sentence for resentencing. The recall was based on section 12022.53, subdivision (h), which had recently been amended by Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2) to grant courts discretion to strike or dismiss firearms enhancements in the interest of justice. In the resentencing hearing, the court reviewed, among other things, defendant's prior criminal history, the violent nature of his most recent offenses, and his mixed record in prison, which included

---

[2] At the time of the hearing, section 1170, subdivision (d)(1) provided that on the CDCR's recommendation, the court could, at any time, recall a sentence and resentence the defendant. That provision was amended and renumbered (Stats. 2021, ch. 719, § 3.1; Stats. 2022, ch. 58, § 9) and is now contained in section 1172.1, subdivision (a)(1).

disciplinary violations but also successful participation in self-improvement programs. Noting that section 667.5, subdivision (b) had since been narrowed to apply only to violent sexual offenses (Stats. 2019, ch. 590, § 1), the court struck the enhancement, thereby reducing defendant's sentence by another year. The court incorporated the record and findings from the 2012 sentencing and declined to further modify defendant's sentence, reimposing without specifically discussing defendant's upper term sentences.

From this decision, defendant timely appealed. While his appeal was pending, Senate Bill 567 came into effect January 1, 2022.

## DISCUSSION

The parties agree Senate Bill 567's changes to upper term sentencing guidelines apply retroactively to defendant's sentences on his three counts of assault. The People contend defendant failed to provide a sufficient record on appeal and, in any event, remand is unnecessary because any error is harmless. Defendant contends that remand for resentencing is required. We conclude remand is necessary.

Under Senate Bill 567, a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Additionally, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

We agree with the parties that Senate Bill 567's amendments to section 1170, subdivision (b) are ameliorative and, under *In re Estrada* (1965) 63 Cal.2d 740, apply retroactively to defendant's case. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1108-1109 (*Zabelle*).) Defendant's 2021 resentencing rendered his 2012 judgment nonfinal for *Estrada* purposes. "A resentencing under [former section 1170, subdivision (d)], makes

4

the original sentence no longer operative because resentencing replaces the original sentence, and the defendant may seek review from a higher court." (*People v. Montes* (2021) 70 Cal.App.5th 35, 47.)

The People contend that the record on appeal is insufficient because defendant did not furnish the reporter's transcript from the 2012 sentencing hearing. Thus, it is not possible to meaningfully review the basis for defendant's upper terms for his assault counts. Although the sentence we are reviewing is the 2021 resentence, not the now-inoperative 2012 sentence (see *People v. Montes, supra,* 70 Cal.App.5th at pp. 47-48), in 2021 the trial court incorporated its findings from the 2012 sentencing hearing, without specifying what those findings were. On our own motion, we incorporate by reference the prior appellate record, thereby curing any defect on this point.

Turning to the merits, the trial court relied on circumstances in aggravation, other than defendant's prior convictions, for which the underlying facts were not stipulated to, found true beyond a reasonable doubt by a jury, or proven by certified records. Although the trial court properly performed its duties under the law at the time of resentencing, its reliance on the other aggravating circumstances—defendant's prior prison term, poor performance on parole, the vulnerability of the victims, and the danger he presented to society—no longer complies with newly amended section 1170, subdivision (b). We therefore must decide whether this "error" was prejudicial.

To do so, we follow the two-step analysis set forth in *Zabelle*, *supra*, 80 Cal.App.5th at pages 1110-1115. First, we must address whether "the trial court *could* have imposed the upper term sentence" (*id.* at p. 1112) consistent with the Sixth Amendment's jury-trial guarantee under the standard set forth in *People v. Sandoval* (2007) 41 Cal.4th 825 (*Sandoval*), which requires us to determine whether the jury would have found true beyond a reasonable doubt at least one of the aggravating circumstances the trial court relied on. (*Id.* at p. 839.)

5

Here, there is no Sixth Amendment prejudice because the jury would have undoubtedly concluded that at least one of the aggravating circumstances—defendant's admitted prior prison term—was true beyond a reasonable doubt. But we are less confident the jury would have found true the remaining circumstances in aggravation. Although defendant stipulated to a prior felony conviction, this does not establish "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." (Cal. Rules of Court, rule 4.421(b)(2).) And while evidence of defendant's additional criminal history and poor performance on parole may have been readily ascertainable, "we will not presume the existence of extrarecord materials, however likely they are to exist, to address this insufficiency." (*Zabelle, supra*, 80 Cal.App.5th at p. 1115, fn. 6.) As for the vulnerability of the victims and defendant's dangerousness to society, *Sandoval* cautioned that "to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*Sandoval, supra,* 41 Cal.4th at p. 840.) Factors such as these "require an imprecise quantitative or comparative evaluation of the facts." (*Ibid.*)

Turning to the second step under *Zabelle*, we must assess whether the court "*would* have imposed the upper term sentence even absent the error" (*Zabelle*, *supra*, 80 Cal.App.5th at p. 1112) under the state-law standard set forth in *People v. Watson* (1956) 46 Cal.2d 818. "In particular, we must consider whether it is reasonably probable that the trial court would have chosen a lesser sentence in the absence of the error." (*Zabelle*, at p. 1112.) " 'A "reasonable probability" "does not mean more likely than not, but merely a reasonable chance, more than an abstract possibility." ' " (*People v. Soto* (2022) 79 Cal.App.5th 602, 610.)

6

Here, the trial court, in the 2012 sentencing, stated it agreed with the probation report's analysis of the aggravating factors and the lack of any mitigating factors. The court noted the aggravating factors included defendant's prior adjudications and convictions, his prior prison term, and his performance on parole, but did not indicate the relative weights it ascribed to those various factors. The court did not specifically mention the vulnerability of the victims, but stated it agreed defendant was a significant danger to the community. The court also mentioned its recollection of the facts from defendant's case. Thus, the court appears to have selected the upper terms in 2012 because it agreed with the probation report's holistic assessment of defendant. We cannot be certain the court would have arrived at the same decision if it could no longer consider factors apart from defendant's 2005 prison term. And although, after thorough review of defendant's criminal history and postconviction behavior, the court in the 2021 resentencing declined to exercise its discretion to reduce defendant's sentence by striking the firearm enhancements, it is too speculative to infer the court would have affirmatively exercised its newly constrained discretion to augment any of defendant's punishments beyond the now presumptive middle term. Given these uncertainties, we cannot determine whether the improperly considered factors were determinative in the trial court's selection of the upper term sentence in this case and conclude that the matter must be remanded for resentencing.

In view of the rapidly evolving laws governing sentencing discretion, we remand the matter for full resentencing, where defendant may raise any arguments available to him under current law. (See *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64 [when a case is remanded for resentencing, the trial court may consider the entire sentencing scheme and has jurisdiction to modify any aspect of the sentence].) We express no opinion as to how the trial court should exercise its discretion on remand.

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for a full resentencing.  In all other respects, the judgment is affirmed.

/s/_____
HOCH, Acting P. J.

I concur:

/s/_____
RENNER, J.

8

EARL, J., Concurring.

While I would find a reasonable probability that defendant's additional criminal history and poor performance on parole would be proven in a statutorily permissible manner, I agree with the result and therefore concur in the opinion.

　　　　　　　　　　　　　　　　／s/
　　　　　　　　　　　　　　　　EARL, J.

1