Filed 11/22/22  P. v. Curry CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAZZ KAYLENN CURRY,<br><br>    Defendant and Appellant. | C095569<br><br>(Super. Ct. No. 12F00909) |

Defendant Jazz Kaylenn Curry contends the trial court, in resentencing him following his direct appeal, failed to consider ameliorative sentencing legislation that became operative shortly before the resentencing hearing.  The People argue defendant forfeited these contentions and, in any event, the errors were harmless.  We will reach the merits and conclude remand is warranted.  We also conclude that, on remand, defendant's

1

booking and classification fees must be stricken and his custody credits recalculated. We otherwise affirm the judgment.

BACKGROUND

Defendant and a friend robbed a drug dealer at gunpoint. During the robbery, defendant shot the dealer three times, killing him. In 2015, a jury found defendant guilty of first degree murder (Pen. Code, § 187, subd. (a))[1] and second degree robbery (§ 211). The jury also found true the robbery-murder special-circumstance allegation (§ 190.2, subd. (a)(17)(A)) and the allegation that defendant personally and intentionally discharged a firearm that proximately caused the death of a person (§ 12022.53, subd. (d)). The trial court sentenced him to life without the possibility of parole for murder, plus a consecutive term of 25 years to life for the firearm enhancement and a stayed sentence for the robbery offense. The court imposed certain fines and fees, including a $340 booking fee and a $62 classification fee pursuant to former Government Code section 29550.2. The court granted defendant 1,124 days of custody credits.

In 2020, this court affirmed defendant's convictions but remanded the matter for the trial court to consider striking or dismissing the firearm enhancement pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682) and to correct the robbery sentence by selecting, imposing, and staying a full term (*People v. Curry* (Dec. 16, 2020, C078652) [nonpub. opn.]).

Defendant's resentencing brief, submitted in October 2021, noted that when defendant committed the offense, he was 20 years old and had one prior adult conviction for firearm possession. He also had a tumultuous childhood and was shot six times when he was 18 years old, causing him to suffer posttraumatic stress disorder. The prosecution's rebuttal, submitted in November 2021, noted the 2015 presentencing

---

[1] Undesignated statutory references are to the Penal Code.

2

probation report indicated defendant did not report having been abused as a child or having suffered psychological problems as a result of being shot. The prosecution also noted defendant had 20 documented rules violations in prison, many involving violence.

In the January 21, 2022, sentencing hearing, the parties reiterated these points but did not specifically discuss ameliorative sentencing legislation that had become operative at the start of the year. The trial court focused on its authority under Senate Bill No. 620 and *People v. Tirado* (2022) 12 Cal.5th 688, which held trial courts have discretion under Senate Bill No. 620 to replace a section 12022.53 enhancement with an uncharged lesser enhancement under that section. The court stated, "I recognize the fact that I can impose lesser terms, and I have considered the Defendant's youthfulness in evaluating the facts of this case." The court emphasized the deliberate nature of the murder, the fact that defendant had an extensive record of violence in prison, and that he had failed to accept responsibility for his actions. "So for all of those reasons the Court will decline to exercise the [Senate Bill No.] 620 authority to do any of the things I'm able to do, that is to impose a different sentence than the [section] 12022.53 originally imposed." The court also imposed and stayed a three-year middle term for the robbery.

The court reimposed defendant's booking and classification fees and did not recalculate his custody credits.

DISCUSSION

I

*Sentencing Discretion*

Defendant contends we should reverse and remand for resentencing under ameliorative legislation that became operative January 1, 2022: Senate Bill No. 81 (2021-2022 Reg. Sess.), which governs a court's discretion in considering whether to dismiss an enhancement (Stats. 2021, ch. 721, § 1); Senate Bill No. 567 (2021-2022 Reg. Sess.), which governs triad sentencing discretion (Stats. 2021, ch. 731, § 1.3); and Assembly Bill No. 518 (2021-2022 Reg. Sess.), which allowed courts, when a defendant

3

violates multiple laws in a single course of action, to choose the punished offense (Stats. 2021, ch. 441, § 1). The People acknowledge the trial court's failure to apply this legislation at defendant's January 21, 2022, resentencing hearing, but contend defendant forfeited these claims and that any errors are harmless. For purposes of this appeal, we shall assume no forfeiture and reach the merits. We conclude defendant's sentence must be vacated and remand the matter for full resentencing.

Senate Bill No. 81 amended section 1385 to provide that certain mitigating circumstances—relevant here, the enhancement may have a discriminatory racial impact[2] or the offense may have been connected to mental illness, prior victimization, or childhood trauma—weigh greatly in favor of dismissing an enhancement, unless the court finds that doing so would endanger public safety. (§ 1385, subd. (c)(2), (3).) These provisions "apply to all sentencings occurring after January 1, 2022," including resentencing. (§ 1385, subd. (c)(7); *People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

Where a trial court cannot have acted with " ' "informed discretion," ' " "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Here, the record does not clearly indicate how the trial court would exercise its discretion under amended section 1385. The court focused on its authority under Senate Bill No. 620. The record does not indicate if the court considered potentially applicable mitigating circumstances, as required under Senate Bill No. 81. Nor does the record indicate how the court would assess the danger to the public, if any, posed by dismissing an enhancement for a defendant otherwise sentenced to life without parole. Given this uncertainty and defendant's remaining contentions regarding ameliorative sentencing

---

[2] Defendant is African-American.

legislation, we remand for full resentencing wherein defendant may raise any arguments available to him. (See *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64.) We express no opinion as to how the trial court should exercise its discretion on remand.

## II

### *Booking and Classification Fees*

We agree with the parties that, as of July 1, 2021, the balance of defendant's booking and classification fees, imposed pursuant to former Government Code section 29550.2, became unenforceable and uncollectible. These fees must be vacated. (Gov. Code, § 6111, subd. (a).)

## III

### *Custody Credits*

We agree with the parties that the trial court erred by not recalculating defendant's custody credits upon resentencing. On remand the court shall recalculate defendant's custody credits to account for the period between his initial sentencing and resentencings. (See § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 37.)

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for a full resentencing. The judgment is modified to vacate the unpaid balance of defendant's booking and classification fees. In all other respects, the judgment is affirmed. Following resentencing, the court shall recalculate defendant's custody credits, modify the abstract

of judgment as necessary, and forward the modified abstract of judgment to the Department of Corrections and Rehabilitation.


                                                  /s/
                                                  HOCH, J.


We concur:


 /s/
ROBIE, Acting P. J.


 /s/
EARL, J.


6