Filed 8/14/23  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096257 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F00241) |
| v. | |
| MICHAEL LEON WILLIAMS, | |
| Defendant and Appellant. | |

A jury found defendant Michael Leon Williams guilty of murder, receipt of stolen property, assault with a deadly weapon, and found true various enhancements for crimes he committed when he was 16 years old.  The criminal court sentenced defendant to 25 years to life on the murder, and an unauthorized 15-years-to-life term on the firearms enhancement.  On direct appeal, this court conditionally reversed his conviction and remanded the matter to the juvenile court[1] with instructions to conduct a transfer hearing

---

[1] We will refer to the criminal court or a court of criminal jurisdiction to mean the court system for adults and juveniles who are tried as adults and to distinguish that system from the juvenile court system, where most juvenile matters are handled.

pursuant to Proposition 57, the Public Safety and Rehabilitation Act of 2016 (Proposition 57). (See *People v. Williams et al.* (June 25, 2019, C080504) [nonpub. opn.] (*Williams*).) We further directed the criminal court to impose the correct sentence on the firearms enhancement if the case were transferred back to the criminal court. On remand and transfer, rather than reinstating the 50-years-to-life sentence as directed, the criminal court modified the sentence by changing a three-year concurrent term to a consecutive term. Defendant appealed.

During the pendency of this appeal, the Legislature amended Welfare and Institutions Code, section 707 via Assembly Bill No. 2361 (Reg. Sess. 2021-2022) (Assembly Bill 2361) (Stats. 2022, ch. 330, § 1). Defendant seeks a second conditional reversal arguing the juvenile court must apply this new law's higher burden of proof. The People concede a conditional reversal is appropriate. Defendant also argues the criminal court exceeded the scope of the prior remand order when it improperly added the three-year-consecutive term. Once again, the People agree this is error.

We shall conditionally reverse the judgment and remand to the juvenile court for an amenability hearing in compliance with the new law. If the juvenile court transfers the cause to the criminal court, we shall further order the criminal court to modify the consecutive sentence so that it is concurrent with the indeterminate term for murder.

## I. BACKGROUND

A detailed recitation of the underlying facts of defendant's crimes is unnecessary for this appeal.[2] It suffices to say that, in the first incident, defendant and his codefendants committed a carjacking, pistol-whipped the victim, and stole his jewelry. In the second incident, defendant and his codefendants stole clothing from a store, and while trying to escape, defendant ran over the loss prevention employee. In the third

---

[2] We take the general description of the facts from the probation report.

2

incident, after a car chase that started with the exchange of derogatory gang epithets, defendant shot and killed a rival gang member.

Among other charges (which are not relevant here), the first amended information charged defendant with murder (Pen. Code, § 187, subd. (a)—count six),[3] possession of a stolen vehicle (§ 496d, subd. (a)—count four), and assault with a deadly weapon (§ 245, subd. (a)(1)—count five). The information further alleged enhancements for the use of a firearm (§§ 12022.5, subd. (a)(1), 12022.53, subd. (b)), intentional discharge of a firearm (§ 12022.53, subd. (c)), intentional discharge of a firearm causing great bodily injury or death (§ 12022.53, subd. (d)), and gang enhancements (§ 186.22, subd. (b)(1)).

In 2015, the jury found defendant guilty on all counts and found all enhancements related to him as true. For the murder and the intentional discharge of a firearm, the criminal court sentenced defendant to 25 years to life, plus 15 years to life to run concurrently with the following determinate terms:[4] on count five, assault with a deadly weapon, the criminal court further sentenced defendant to the middle term of three years plus five years for the gang enhancement; and a concurrent two-year term on count four, possession of a stolen vehicle.

In 2015, defendant appealed raising issues related to the exclusion of testimony and the gang enhancement, and contending Proposition 57 and its 2018 amendment required us to conditionally reverse his case and remand it for a juvenile fitness hearing. In 2019, we conditionally reversed the matter and remanded it for a transfer hearing. We further reversed the gang enhancement due to insufficient evidence. Finally, we

---

[3] Undesignated statutory references are to the Penal Code.

[4] The criminal court reduced the term from 25 years to life because it believed a 50-years to-life term would be an impermissible de facto life without parole sentence for a juvenile.

concluded the 15-years-to-life sentence for intentional discharge of a firearm (§ 12022.53, subd. (b)) was unauthorized.

Our disposition stated: "If, at the transfer hearing, the juvenile court determines it would have transferred [defendant] to a court of criminal jurisdiction, then the judgement and sentence for [defendant ] shall be reinstated as of that date." We further directed the criminal court "to modify the 15 years to life term for the section 12022.53, subdivision (d) enhancement to 25 years to life, and to determine whether to exercise its discretion to strike any or all of the section 12022.53 enhancements." (*Williams, supra,* C080504.)

The juvenile court held a hearing in February 2022 and granted the motion to transfer the case to criminal court. At the subsequent sentencing hearing in March 2022, the criminal court (who was also the original trial judge) vacated the sentence for the gang enhancement, reimposed the 25-years-to-life sentence for murder, and imposed the correct 25-years-to-life sentence for the intentional discharge of the firearm. It declined to exercise its discretion to strike the firearm enhancements.

The criminal court also reimposed the sentences for assault (count five) of three years and two years for receiving the stolen car (count four) with count four to be served concurrently with count five. However, unlike defendant's original sentence, the court imposed the determinate three-year sentence consecutive to the indeterminate terms.

Defendant timely appealed from the criminal court's sentencing order. We granted defendant's motion to construe that appeal as timely filed from the juvenile court transfer order under the constructive filing doctrine.

## II. DISCUSSION

### A.    *Proposition 57*

Defendant argues, and the People agree, we should again conditionally reverse and remand the case back to the juvenile court to apply the higher standard of proof set forth in Assembly Bill 2361 for Welfare and Institutions Code section 707. We concur.

Enacted by voters in November 2016, "Proposition 57 prohibits prosecutors from charging juveniles with crimes directly in adult court. Instead, they must commence the action in juvenile court. If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct . . . a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult." (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303, citing Welf. & Inst. Code, § 707, subd. (a).) In *Lara,* our Supreme Court concluded the Proposition should be applied retroactively to any cases that are not yet final pursuant to the rationale of *In re Estrada* (1965) 63 Cal.2d 740, because this new law ameliorated the possible punishment for juveniles. (*Lara, supra*, at p. 308.)

At the time of defendant's transfer hearing in January 2022, "the governing law and the corresponding Rule of Court required the petitioner to establish by a preponderance of the evidence that 'the minor should be transferred to a court of criminal jurisdiction.' (Former [Welf. & Inst. Code,] § 707, subd. (a)(3), as amended by Stats. 2018, ch. 1012, § 1; [Cal. Rules of Court,] rule 5.770(a).) Effective January 1, 2023, the Legislature amended [Welfare and Institution Code] section 707, adding the following language: 'In order to find that the minor should be transferred to a court of criminal jurisdiction, the court shall find by clear and convincing evidence that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court.' ([Welf. & Inst. Code,] § 707, subd. (a)(3), as amended by Stats. 2022, ch. 330, § 1.) This changed the finding a juvenile court must make before ordering a transfer in two ways: (1) raising the standard of proof and (2) requiring a new specific finding regarding amenability to rehabilitation." (*In re S.S.* (2023) 89 Cal.App.5th 1277, 1284, fn. omitted.) A different panel of this court recently concluded the recent amendment should be applied retroactively to nonfinal judgments because it, too, makes it more difficult to transfer

5

juveniles from juvenile court to criminal court, and thus similarly reduces the possible punishment for juveniles.  (*Id.* at p. 1289.)

Defendant's case remains not yet final, due to his first appeal, the remand, and this subsequent appeal from the changes the criminal court made to his sentence.  As the People concede, the juvenile court made its initial transfer order based on the five relevant transfer criteria and explained that it found it should grant the motion to transfer based upon a preponderance of the evidence.  Because this burden of proof is lower than the new clear and convincing evidence standard, the People agree the proper remedy is to order a conditional reversal and remand for a new transfer hearing applying the new heightened standard.

We concur and will conditionally reverse and remand this case for an additional transfer hearing under the new standards.  The juvenile court, having reviewed all of the submissions, the probation report, and having heard testimony that is not part of the record before us,  remains in the best position to determine in the first instance whether the findings it made pursuant to the preponderance of evidence standard withstand the higher proof standard and the amenability focus of Assembly Bill 2631's amendments to the law.  (See *People v. McPartland* (1988) 198 Cal.App.3d 569, 575 [trial court is in the best position to evaluate the evidence utilizing the proper legal standard in a recusal motion].)  If the juvenile court determines it would have transferred the matter to a court of criminal jurisdiction, then the matter shall be transferred to the criminal court and defendant's conviction and sentence (as modified by this decision, *post*) shall be reinstated.  (Welf. & Inst. Code, § 707.1, subd. (a).)  Alternatively, if the juvenile court determines it would not have transferred the case, the juvenile court shall treat defendant's conviction as a juvenile adjudication and proceed accordingly.  We express no opinion on the ultimate resolution of this question.

*B.      Added Consecutive Sentence*

Defendant also argues the criminal court erred in changing defendant's concurrent sentence to a consecutive sentence after our initial conditional reversal and remand of the case. The People agree. We concur.

"[W]hen an appellate court remands a matter with directions governing the proceedings on remand, ' " 'those directions are binding on the trial court and *must* be followed. Any material variance from the directions is unauthorized and void.' " ' " (*People v. Ramirez* (2019) 35 Cal.App.5th 55, 64.) A conditional reversal does not disturb the verdict or vacate the original sentence. (*Andrew M. v. Superior Court* (2020) 43 Cal.App.5th 1116, 1126.)

Here, in addition to the conditional reversal, our remittitur reversed the sentence on the gang enhancement and required the criminal court to modify the 15-years-to-life term for the section 12022.53, subdivision (d) enhancement. While the criminal court followed our direction on the firearm enhancement, it exceeded the scope of that remittitur when it imposed the determinate three-year term for assault (§ 245, subd. (a)(1)) and the two-year-concurrent sentence for receiving the stolen car (§ 496d, subd. (a)), consecutively to the indeterminate terms. This portion of the criminal court's order is void as it exceeded our remittitur and impermissibly increased defendant's sentence. Should the juvenile court transfer the matter to the court of criminal jurisdiction, we direct the criminal court to modify the judgement so that these two sentences are to be served concurrently with the indeterminate term and to issue an amended abstract reflecting this change.

## III.  DISPOSITION

The judgment is conditionally reversed. The matter is remanded to the juvenile court to conduct an amenability hearing pursuant to current law and for further proceedings as may be just under the circumstances. If the matter is transferred to a court of criminal jurisdiction, the criminal court is directed to reinstate the sentence already

7

imposed, except that it shall modify the consecutive sentences for count five (with its concurrent sentence on count four) to be served concurrently with the indeterminate term. If the criminal court modifies the sentence, the clerk of the criminal court is directed to amend the abstract of judgment reflecting this modification and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

MESIWALA, J.

8