Filed 11/10/22

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARIO GARCIA,<br><br>        Defendant and Appellant. | A163046<br><br>(San Mateo County<br>Super. Ct. No. 16NF003723A) |

In 2018, defendant Mario Garcia was sentenced to 24 years in prison after a jury found him guilty of assault on a peace officer with a semiautomatic firearm (Pen. Code, § 245, subd. (d)(2))[1] and other counts. We affirmed the judgment in part but remanded to allow for various corrections to the sentence. (*People v. Garcia* (Jul. 14, 2020, A154016) [nonpub. opn.] (*Garcia*).) In this second appeal, defendant contends he is entitled to resentencing under section 1170, subdivision (b), as amended by Senate Bill No. 567 (2020–2021 Reg. Sess.) (Senate Bill 567). He additionally contends the trial court abused its discretion in denying his request for a continuance of the sentencing hearing so that he could develop facts to support a motion

---

\*        Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part A of the Discussion.

[1]        Further unspecified section references are to the Penal Code.

1

for discovery under the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 1) (CRJA).

In the published portion of this opinion, we conclude defendant was entitled to a reasonable continuance to prepare his motion for discovery under the CRJA. In the unpublished portion of this opinion, we conclude defendant is also entitled to resentencing under section 1170, subdivision (b). Accordingly, we will reverse the judgment and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was arrested after engaging in a physical altercation at his home with the partner of his sister, and then firing a semiautomatic handgun at one of the responding police officers. He was charged by information with nine felony counts, as follows: assault on a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2), count one) plus firearm use enhancements (§§ 12022.53, subd. (b) and 12022.5, subds. (a) and (d)); exhibiting a deadly weapon to a police officer to resist arrest (§ 417.8, count two); assault with a semiautomatic firearm (§ 245, subd. (b), count three); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4), count four); assault with a deadly weapon (§ 245, subd. (a)(1), count five); criminal threats (§ 422, subd. (a), counts six and nine); resisting an executive officer (§ 69, count seven); and possession of an assault weapon (§ 30605, subd. (a), count eight). At trial, on motion of the prosecutor, the court dismissed count nine. The jury found defendant not guilty of counts two and seven but found him guilty of count one and found the section 12022.53, subdivision (b) allegation true. The jury further found defendant guilty of counts three, four, five, and eight, and guilty of the lesser included offense of attempted criminal threats (§§ 664/422) for count six.

In March 2018, the trial court sentenced defendant to a total of 24 years in prison. Defendant appealed, and in July 2020, we affirmed the judgment in part, but remanded the matter so that the trial court could stay the sentence on count four or count five, correct defendant's custody credits, and amend the abstract of judgment. (*Garcia, supra*, A154016.)

In March 2021, defendant filed a motion in pro per under section 1385 to strike the ten-year firearm use enhancement attendant to count one. Hearings were held in April 2021 to address defendant's lack of legal representation, and on May 11, 2021, the trial court appointed Gabriela Guraiib to represent him. At a hearing on May 12, 2021, Guraiib requested additional time to prepare, and the trial court granted her until May 14, 2021, to file papers in advance of the sentencing hearing on May 17, 2021.

On May 14, 2021, defendant filed his sentencing brief as well as a motion to continue the sentencing hearing. In her declaration supporting the continuance motion, Guraiib stated her intention "to argue additional matters within the jurisdiction of the court such as a request to strike the enhancement allegation pursuant to [section] 12022.53 as well as argue matters under [section] [745] that would be crucial for the court's analysis under what is considered in the 'interest of justice' for purposes of the imposition of the enhancement. I am unable to obtain information that would support those arguments in a two-day timeframe afforded to briefing the issues."

In his sentencing brief, defendant argued in relevant part that he had recourse under section 745 "to show that a longer or more severe sentence was imposed on the defendant than was imposed on other similarly situated individuals convicted of the same offense, and longer or more severe sentences were more frequently imposed for that offense on people that share

3

the defendant's race, ethnicity, or national origin than on defendants of other races, ethnicities, or national origins in the county where the sentence was imposed." In support, the brief cited and attached various reports, articles, and research on racial disparities in the criminal justice system.[2]

At the sentencing hearing, the trial court heard arguments from counsel, including Guraiib's remarks that "there's a new law that just passed in January of 2021 that shows that usually Latinos or the Latino population that are being sentenced are being sentenced harsher than their counterparts. And that also is in front of the Court." The court began its remarks by stating it did not believe it had jurisdiction to strike the firearm use enhancement "given the remand by the appellate court directing the Court to do three things: fix the 654 issue; award the defendant the proper credits; and file an amended abstract showing the Court had done that." However, "in an abundance of caution," the court elected to reach the merits of the section 1385 motion to strike the firearm use enhancement.

Taking "into consideration the new racial animus act," the trial court acknowledged that defense counsel did not have "time to really flesh out the statistics" bearing out that "people of color are treated more harshly in the criminal justice system." The court also indicated it considered the evidence of defendant's good character while in prison, but found nevertheless that defendant's lack of remorse, his unwillingness to take responsibility for his actions, his prior criminal record, and the violent nature of the offense

---

[2] These materials included a 2009 article entitled "Hispanics and the Criminal Justice System," by the Pew Research Center; a report by the American Civil Liberties Union dated October 27, 2014, entitled "Racial Disparities in Sentencing," and a January 2005 report by The Sentencing Project entitled "Racial Disparity in Sentencing: A Review of the Literature."

4

warranted the enhancement. Accordingly, the court denied the section 1385 motion.

As to the issues on remand, the trial court stayed the sentence on count five, recalculated defendant's custody credits, and sentenced defendant to an aggregate term of 23 years in prison.

This appeal followed.[3]

DISCUSSION

## A. Resentencing Under Section 1170

Defendant argues, and the People agree, that he should be resentenced under section 1170, subdivision (b), as amended by Senate Bill 567.

Under the law in effect at the time defendant was initially sentenced in 2018, section 1170, subdivision (b), provided that when a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the trial court has discretion to choose the appropriate term. Senate Bill 567, effective January 1, 2022, amended section 1170 to provide: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

Here, the sentencing court chose the upper term of nine years on count one based on the aggravating circumstance that the offense involved a threat of great bodily injury to multiple individuals. Defendant argues, and the

---

[3] In conjunction with this appeal, defendant filed a petition for writ of habeas corpus, *In re Mario Garcia*, A164591. We have denied the petition by separate order filed this date.

5

People do not dispute, that he never stipulated to this finding, and the People concede there was no trial in which the circumstance in aggravation was found to be true beyond a reasonable doubt. The parties further agree that because Senate Bill 567 is ameliorative, and because there is no indication the Legislature intended it to apply prospectively only, the new law applies retroactively to defendant. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

We agree and conclude defendant is entitled to resentencing under section 1170, subdivision (b).

## B. Denial of Continuance

Defendant argues the trial court abused its discretion in denying his motion for a continuance to enable him to develop facts in support of a motion for discovery under the CRJA. We agree.

### 1. *Overview of CRJA*

Effective January 1, 2021, the CRJA prohibits state criminal convictions or sentences "on the basis of race, ethnicity, or national origin." (§ 745, subd. (a).) To prove a violation of the CRJA, a defendant must show by a preponderance of the evidence that (1) any of the various individuals involved in the case—including a judge, attorney, law enforcement officer, expert witness, or juror—"exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin"; (2) during the trial and court proceedings, any of the various individuals "used racially discriminatory language about the defendant's race, ethnicity, or national origin, or otherwise exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin, whether or not purposeful"; (3) the defendant was charged or convicted "of a more serious offense than defendants of other races, ethnicities, or national origins who

6

commit similar offenses and are similarly situated, and the evidence establishes that the prosecution more frequently sought or obtained convictions for more serious offenses against people who share the defendant's race, ethnicity, or national origin in the county where the convictions were sought or obtained"; or (4) "[a] longer or more severe sentence was imposed on the defendant than was imposed on other similarly situated individuals convicted of the same offense, and longer or more severe sentences were more frequently imposed for that offense on people that share the defendant's race, ethnicity, or national origin" or "on defendants in cases with victims of one race, ethnicity, or national origin[s]," in the county where the sentence was imposed. (§ 745, subd. (a)(1)–(4).)

"A defendant may file a motion in the trial court or, if judgment has been imposed, may file a petition for writ of habeas corpus or a motion under Section 1473.7 in a court of competent jurisdiction, alleging a violation of subdivision (a)." (§ 745, subd. (b).) If a defendant makes a prima facie showing of a CRJA violation, the trial court shall hold an evidentiary hearing, and the defendant has the burden of proving a violation by a preponderance of the evidence. (*Id.*, subd. (c)(1)–(2).) The CRJA sets forth various available remedies for successful prejudgment (*id.*, subd. (e)(1)) and postjudgment claims (*id.*, subd. (e)(2)), including vacating the conviction and sentence and imposing a new sentence not greater than that previously imposed (*ibid.*).

The CRJA also contains the following discovery provision: "A defendant may file a motion requesting disclosure to the defense of all evidence relevant to a potential violation of subdivision (a) in the possession or control of the state. A motion filed under this section shall describe the type of records or information the defendant seeks. Upon a showing of good

7

cause, the court shall order the records to be released.  Upon a showing of good cause, and if the records are not privileged, the court may permit the prosecution to redact information prior to disclosure." (§ 745, subd. (d).)

In *Young v. Superior Court* (2022) 79 Cal.App.5th 138 (*Young*), Division Four of our appellate district held that the good cause requirement for discovery under the CRJA, like the showing required for the disclosure of law enforcement records under *Pitchess*, requires a defendant "only to advance a plausible factual foundation, based on specific facts, that a violation of the [CJRA] 'could or might have occurred' in his case." (*Young*, at p. 159.)  As *Young* explained, this "plausible justification" standard is "minimal" and even more relaxed than the " 'relatively relaxed' " good cause standard for *Pitchess* discovery, which requires a logical link between the charge and a proposed defense. (*Young*, at pp. 159–160.)

**2.  *Analysis***

Although trial courts enjoy broad discretion to determine whether good cause exists to grant a continuance of trial, such discretion " ' "may not be exercised so as to deprive the defendant or his attorney of a reasonable opportunity to prepare." ' " (*People v. Alexander* (2010) 49 Cal.4th 846, 934–935.)  Here, defendant's counsel had less than a week after she was appointed to familiarize herself with the case, prepare the sentencing brief, and marshal facts for and prepare a motion for discovery under the CRJA.  While Guraiib was able to make general arguments under the CRJA and provide statistical information in the sentencing brief, that information was dated and based mostly on national surveys; it did not address racially disparate treatment as to convictions and/or sentences in the county where defendant was convicted and sentenced.  (See § 745, subd. (a)(1)–(4).)  At this juncture and on this record, there simply is no indication whether and to what extent

8

such county-level information was likely to have been readily available to counsel in the short time frame between her appointment and the sentencing hearing.

Furthermore, although the plausible justification standard is "minimal," it must still be "based on specific facts." (*Young*, *supra*, 79 Cal.App.5th at p. 159.) Thus, preparing a discovery motion under the CRJA necessarily entails a fairly thorough review of the trial record for any remarks or conduct by the trial judge, attorneys, experts, jurors, and law enforcement officers that may plausibly support the conclusion that a CRJA violation " 'could or might have occurred' in [the] case." (*Young*, at pp. 158–159.) For these reasons, we conclude defendant should have been given a reasonable opportunity to review the trial record and gather relevant information to prepare a motion for discovery under the CRJA. The error was not harmless under any standard because, as indicated, nothing in the record indicates either way whether defendant's counsel could have discovered facts plausibly supporting a motion for CRJA discovery had she been given a reasonable opportunity to do so.

The People contend the trial court reasonably denied the continuance request because defense counsel was ready to proceed on the issues properly before the court, and the court's jurisdiction was strictly limited to the instructions given by this court on remand from the prior appeal. (See *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64 [order of reviewing court contained in remittitur defines scope of jurisdiction of court to which matter is returned].) But the People cite no case applying this general rule where new legislation becomes effective in the period between the remittitur and the proceedings on remand. "[I]t is well settled that when a case is remanded for resentencing after an appeal, the defendant is entitled to 'all the normal

9

rights and procedures available at his original sentencing' [citations], including consideration of any pertinent circumstances which have arisen since the prior sentence was imposed." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) Here, the CRJA's January 1, 2021, effective date was a pertinent circumstance that arose after the remittitur and before the resentencing hearing. The trial court was not barred from considering it.

The People next argue that denial of the continuance motion was not an abuse of discretion because the CRJA does not retroactively apply to defendant. Notably, the CRJA expressly states it applies prospectively only to judgments not entered before January 1, 2021 (§§ 745, subd. (j); 1473, subd. (f)), and Penal Code provisions generally are not applied retroactively in the absence of express language conferring retroactive application (*People v. Brown* (2012) 54 Cal.4th 314, 319–320).

In criminal cases, however, "judgment is synonymous with the imposition of sentence." (*People v. Perez* (1979) 23 Cal.3d 545, 549, fn. 2.) Here, in July 2020, the judgment was partially reversed and remanded, and defendant was not resentenced until May 17, 2021. Moreover, the People concede in this appeal that defendant is entitled to resentencing yet again under Senate Bill 567, and thus, a judgment has yet to be entered. Because judgment was not entered at the time the CRJA became effective on January 1, 2021, defendant is not barred from seeking relief under the new law.[4]

For these reasons, we will reverse the trial court's denial of defendant's request for a continuance and remand with directions to grant a reasonable continuance for defendant to prepare a motion for discovery under the CRJA.

---

[4] For the same reason, we reject the People's contention that defendant can seek only postjudgment relief under the CRJA through a habeas petition.

10

## DISPOSITION

The judgment is reversed and remanded for resentencing under section 1170, subdivision (b). Prior to the resentencing hearing, defendant shall be granted a reasonable opportunity to prepare a motion for discovery under the CRJA.

FUJISAKI, ACTING P.J.

WE CONCUR:

PETROU, J.

RODRÍGUEZ, J.

*People v. Garcia* (A163046)

11

Trial Court:          San Mateo County Superior Court

Trial Judge:          Hon. Elizabeth K. Lee

Counsel:              Law Offices of John F. Schuck, John F. Schuck, under
                      appointment by the First District Appellate Project, for
                      Defendant and Appellant

                      Rob Bonta, Attorney General of California, Lance E.
                      Winter, Chief Assistant Attorney General, Jeffrey M.
                      Laurence, Senior Assistant Attorney General, René A.
                      Chacón, Supervising Deputy Attorney General, and
                      David M. Baskind, Deputy Attorney General, for
                      Plaintiff and Respondent