Filed 7/28/23  P. v. Ramirez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SERGIO ERICK RAMIREZ, <br><br> Defendant and Appellant. | F084956 <br><br> (Super. Ct. No. DF013185A) <br><br> **OPINION** |

-ooOoo-

**THE COURT***

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kenneth N. Sokoler and Ross K. Naughton, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Levy, Acting P. J., Peña, J. and Meehan, J.

# INTRODUCTION

A jury convicted defendant Sergio Erick Ramirez of attempted voluntary manslaughter (Pen. Code, §§ 664, 192, subd. (a); count 1), false imprisonment (§ 237; count 2), assault with a semiautomatic firearm (§ 245, subd. (b); count 3), criminal threats (§ 422; counts 4 & 5), dissuading a witness using force (§ 136.1, subd. (b)(1); count 6), and felony child abuse (§ 273a, subd. (a); count 7), in connection with an incident during which defendant made verbal threats and shot a gun at his wife after she refused to drive him to illegally purchase prescription medication and defendant's daughter was present. (Undesignated statutory references are to the Penal Code.) At the initial sentencing hearing, the trial court sentenced defendant to a total term of 32 years 8 months, which included upper term sentences on counts 1 and 3 and the section 12022.5, subdivision (a) firearm enhancements attached to those counts (though the sentence on count 1 was stayed pursuant to § 654).

Defendant previously appealed and we remanded for resentencing in light of Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518) and Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567). At resentencing, the court ordered the upper term sentences to be changed to midterms, and it modified the sentence on count 5 to run consecutively rather than concurrently to the principal term on count 3 as previously ordered. The court resentenced defendant to the same sentences it had previously ordered on the remaining counts for a total fixed term of 25 years 8 months.

Defendant now appeals from the resentencing hearing, asserting the court erred in resentencing him on count 5 to a consecutive term when it had previously imposed a concurrent term. He also argues his section 2933.1 credits need to be corrected and the abstract of judgment needs to be modified to reflect the oral pronouncement of judgment.

We reject defendant's challenge to the imposition of a consecutive sentence on count 5 but agree the abstract of judgment must be modified to reflect the correct number

of local conduct credits and the court's oral pronouncement of judgment. In all other respects, we affirm the judgment.

## FACTS

An information charged defendant with attempted premeditated murder (§ 664, 187, subd. (a); count 1), kidnapping (§ 207, subd. (a); count 2), assault with a semiautomatic firearm (§ 245, subd. (b); count 3), criminal threat as to his wife (Jane Doe) (§ 422; count 4), criminal threat as to his daughter (Minor Doe) (§ 422; count 5), dissuading his wife from reporting a crime using force (§ 136.1, subd. (b)(1); count 6), and felony child abuse of Minor Doe (§ 273a, subd. (a); count 7).[1] A jury found defendant guilty of the lesser included offenses of attempted voluntary manslaughter on count 1 (§§ 664, 192, subd. (a)) and false imprisonment on count 2 (§ 237). The jury convicted defendant on the remaining counts as charged and found true section 12022.5, subdivision (a) firearm enhancements attached to every count.[2]

At the initial sentencing hearing, the trial court sentenced defendant to a total term of 32 years 8 months, which was composed of the upper term of nine years plus a 10-year upper term for the firearm enhancement pursuant to section 12022.5, subdivision (a) on count 3 (assault with a semiautomatic firearm); separate, consecutive terms of eight months (one-third the midterm) enhanced by 16 months (one-third the midterm) pursuant to section 12022.5, subdivision (a) on counts 2 and 4; a consecutive term of 16 months (one-third the midterm) enhanced by 16 months (one-third the midterm) for the section 12022.5, subdivision (a) enhancement on count 7, and a consecutive midterm of three

_____

[1]The facts of the case are detailed in our prior unpublished opinion, *People v. Ramirez* (Mar. 18, 2022, F079515) [2022 Cal.App.Unpub. LEXIS 1669; 2022 WL 816923]. Because they are not relevant to our analysis, we do not include them here.

[2]The jury also found true section 12022.53, subdivisions (b) and (c) firearm enhancements alleged as to counts 1 and 2. However, section 192, subdivision (a) and section 237 do not fall under the provisions of section 12022.53, so the court did not consider these enhancements. (See § 12022.53, subd. (a).)

years enhanced by four years pursuant to section 12022.5, subdivision (a) on count 6. In deciding to sentence defendant consecutively on counts 2, 4, 6, and 7, the court noted "the crimes and their objectives were predominantly independent of each other, and … involved separate acts of violence or threats of violence." On count 5 (criminal threats as to Minor Doe), the court imposed a sentence of six years (the midterm of two years plus a four-year term for the § 12022.5, subd. (a) enhancement). The court noted the sentence on count 5 "will run concurrent to Count 3, as the offense report did not indicate, nor does the Court find, a specific threat to Minor Doe." The court also sentenced defendant on count 1 (attempted voluntary manslaughter) to 15 years (the upper term of five years plus a 10-year term for the § 12022.5, subd. (a) firearm enhancement) but stayed that sentence pursuant to section 654.

Defendant previously appealed and we affirmed his convictions, including the criminal threat conviction against Minor Doe (count 5), and remanded for resentencing in light of Assembly Bill 518 and Senate Bill 567. The court held a resentencing hearing on September 8, 2022.

At resentencing, defense counsel asked the court to sentence defendant to the low terms and to designate the sentence on count 1 as the base term while staying the sentence on count 3. Defense counsel also noted, in the most recent probation report, the probation department recommended adding two years concurrent for count 5. Defense counsel argued "no specific threat was ever made to the daughter," so count 5 "should run concurrent with the other counts rather than run consecutive" as listed in the probation report. He asserted defendant was "already being punished for that conduct" based on the punishment for the criminal threat count related to Jane Doe in count 4. The court noted the following excerpt from the reasoning in our prior opinion in which we affirmed the sufficiency of the evidence to support the criminal threat conviction in count 5:

4.

"[T]he jury heard defendant's statement to Minor Doe that, quote, 'I would never do nothing to you but your fucking mom.' Defendant acknowledged on cross-examin[ation] he was essentially telling Minor Doe he would not hurt her, but might hurt her mother. On this evidence, a jury could reasonably conclude the defendant intended for Minor Doe to take this [as a] threat to her mother's safety." (*People v. Ramirez*, *supra*, F079515 [2022 Cal.App.Unpub. LEXIS 1669; 2022 WL 816923].)

The People asked the court to redesignate count 3 as the primary count for sentencing purposes and to maintain the original sentence based upon certain aggravating factors they alleged could still be considered by the court. They argued, with regard to running the two years on count 5 consecutive, "it was found by the jury that this was an independent threat from the mother. That is also established by the fact that the jury did also find the defendant guilty of a [section] 422 as it applied to [Jane Doe]. The appeals court also upheld that finding due to the nature of the threat and the threat towards the victim's mother."

The court modified defendant's sentence on count 3 from the upper term to the midterm of six years, enhanced by four years pursuant to section 12022.5, subdivision (a) and redesignated it as the principal term "based on the severity of the egregious nature of the defendant's actions." The court sentenced defendant on count 1 to the midterm of three years enhanced by four years for the section 12022.5, subdivision (a) enhancement and stayed that sentence pursuant to section 654. It resentenced defendant on count 5 to eight months (one-third the midterm) plus 16 months (one-third the midterm) for the section 12022.5, subdivision (a) enhancement, but modified the sentence to run consecutively rather than concurrently as previously ordered. The court explained "[a]s to Count 5, although originally recommended to be a concurrent sentence, consecutive sentencing will be ordered based on the new case analysis … as the count involved a separate act of violence to Minor Doe."[3] The court resentenced defendant on counts 2

---

[3]The original probation report filed June 18, 2019, recommended the sentence on count 5 run concurrent to the sentence on count 3 on the grounds "the offense report did not indicate a specific threat to Minor Doe." In making this recommendation, the probation officer noted

and 4 to separate, consecutive terms of eight months (one-third the midterm), each term to be enhanced by 16 months (one-third the midterm) pursuant to section 12022.5, subdivision (a), on count 6 to the midterm of three years enhanced by four years for the section 12022.5, subdivision (a) enhancement, and on count 7 to 16 months (one-third the midterm) enhanced by 16 months (one-third the midterm) for the section 12022.5, subdivision (a) enhancement for a total fixed term of 25 years 8 months.

## DISCUSSION

Defendant argues the court erred in imposing a consecutive sentence on count 5 when it had previously imposed a concurrent term. He also argues the court erred by failing to award him local conduct credit. He contends the abstract of judgment must be updated to reflect 85 days of local conduct credit, to correct the sentence on count 1 and the related section 12022.5, subdivision (a) enhancement, and to list the terms on counts 4 and 5 as "1/3 consecutive" terms instead of "consecutive full terms." We reject defendant's initial contention but agree he must be awarded local conduct credit and the abstract of judgment must be modified.

I.    **The Trial Court Was Entitled to Modify the Sentence on Count 5 to Run Consecutively under the Full Resentencing Rule**

Defendant first argues the court abused its discretion in imposing a consecutive sentence on count 5 when it had originally sentenced him on count 5 to a concurrent term. We disagree with defendant's contention.

A.    **Standard of Review**

"[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its

---

"[t]he undersigned did not have information that may have been introduced during the trial regarding this count." An updated report was filed on September 8, 2022, in which the probation department stated: "As to Count Five, although originally recommended to be a concurrent sentence, consecutive sentencing will be recommended based on the new case analysis as the count involved a separate act of violence to minor Doe."

sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Said differently, "[w]hen a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834.)

A trial court has broad discretion to decide whether to run prison terms on multiple offenses concurrently or consecutively. (*People v. Clancey* (2013) 56 Cal.4th 562, 579.) The court "shall state the reasons for its sentence choice on the record at the time of sentencing." (§ 1170, subd. (c).) "[I]n the absence of a clear showing that its sentencing decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate sentencing objectives and, accordingly, its discretionary determination to impose consecutive sentences ought not be set aside on review." (*People v. Giminez* (1975) 14 Cal.3d 68, 72.)

### B.     Applicable Law

Rule 4.425(a) of the California Rules of Court lists factors affecting whether concurrent or consecutive sentences should be imposed, which include whether or not: "(1) The crimes and their objectives were predominantly independent of each other; [¶] (2) The crimes involved separate acts of violence or threats of violence; or [¶] (3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." This rule also provides, "Any circumstances in aggravation or mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial, may be considered in deciding whether to

impose consecutive rather than concurrent sentences, except: [¶] (1) A fact used to impose the upper term; [¶] (2) A fact used to otherwise enhance the defendant's sentence in prison or county jail under section 1170(h); and [¶] (3) A fact that is an element of the crime." (Cal. Rules of Court, rule 4.425(b).)

### C. Analysis

Defendant asserts the court abused its discretion by resentencing him on count 5 to a consecutive sentence in place of the previous concurrent sentence. He argues the modification was not justified because "[n]othing had changed with respect to count 5 between the first sentencing and the resentencing," "[n]o further evidence was presented" after the court made the finding at the initial sentencing hearing that there was no specific threat to Minor Doe. He also argues the change to count 5 "was outside the scope of this Court's remittitur and was therefore unauthorized." He contends that because Assembly Bill 518 could only potentially affect counts 1 and 3 and Senate Bill 567 only pertained to count 3 on which the court had imposed an upper term, the remittitur only authorized the court to change the sentence on those counts.

Initially, defendant misconstrues the scope of our prior remand. It is true the remittitur "defines the scope of the jurisdiction of the court to which the matter is returned." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701.) In other words, "'[t]he order of the appellate court as stated in the remittitur, "is decisive of the character of the judgment to which the appellant is entitled."'" [Citation.] On remand, the lower court may act only within these express jurisdictional limits." (*People v. Lewis* (2004) 33 Cal.4th 214, 228.) But here, we "remanded for resentencing in accordance with Assembly Bill 518 and Senate Bill 567." The remittitur did not limit the court's ability at resentencing such that it could only modify defendant's sentence on counts 1 and/or 3. Rather, it generally directed the court to resentence defendant in accordance with the new laws.

8.

And it is settled that "the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425; accord, *People v. Hill*, *supra*, 185 Cal.App.3d at p. 834 ["When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme"].) Under that rule, the court "may, as appropriate, revisit sentencing choices such as a decision to stay a sentence [citation], to impose an upper term instead of a middle term [citation], or to impose concurrent instead of consecutive sentences [citation]." (*Valenzuela*, *supra*, at p. 425.) Accordingly, in resentencing defendant, the court was entitled to revisit all of its sentencing choices, including whether to run the sentence on count 5 concurrently or consecutively. (See *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64 [where matter was remanded for resentencing, "trial court had jurisdiction to consider any and all factors that would affect sentencing"].)

Contrary to defendant's arguments, "the trial judge's original sentencing choices did not constrain him or her from imposing any sentence permitted under the applicable statutes and rules on remand, subject only to the limitation that the aggregate prison term could not be increased." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1256.) Defendant asserts the rule in *Burbine* does not apply in this context because "[n]either Assembly Bill No. 518 nor Senate Bill No. 567 authorized the court to reconsider the entire sentencing structure, no[r] did this Court vacate the verdict or the resulting sentence and remand the case for an entirely new sentencing hearing." However, as discussed, our remand was not so limited; rather, a full resentencing hearing was appropriate and permitted the trial court to reconsider the entire structure of the sentence once it modified the sentence. (See *People v. Navarro* (2007) 40 Cal.4th 668, 681 [modifying appellate court's order for resentencing "'on the modified convictions only'" and instead concluding "a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances"].)

9.

And, as the *Burbine* court held, the trial court here was not constrained by its original decision to run count 5 concurrent to the sentence on count 3. Rather, as discussed, the court was entitled to revisit all of its prior sentencing decisions. And, contrary to defendant's arguments, nothing in Assembly Bill 518 or Senate Bill 567 nor the ameliorative nature of these bills limited the court's ability to exercise its discretion in the manner that it did. Notably, defendant's aggregate sentence was ultimately reduced after the resentencing.

Furthermore, the court did not abuse its discretion in deciding to run the term on count 5 consecutive to that on count 3. In considering the appropriate sentence to impose at the resentencing hearing, the court and the probation department considered our court's analysis in our prior appeal in which we affirmed the sufficiency of the evidence to support defendant's conviction on count 5. The court rationally concluded count 5 was based on an act separate or independent from that forming the basis of count 3; thus, it was appropriate to run the related sentence consecutive to the sentence on count 3. (See Cal. Rules of Court, rule 4.425.) We cannot conclude defendant has established the court abused its broad discretion in reaching this conclusion. Rather, we presume the court acted to achieve legitimate sentencing objectives. (See *People v. Giminez*, *supra*, 14 Cal.3d at p. 72.)

## II.     Defendant's Custody Credits Must Be Corrected

Defendant next argues the court erred in failing to award him the correct amount of section 2933.1 credits. He asserts at the original sentencing hearing, the court orally awarded 513 actual days' credit and 76 days' local conduct credits pursuant to section 2933.1 for a total of 589 days. He contends, in his previous appeal, he showed he should have been awarded 567 actual days and 85 days in section 2933.1 credits for a total of 652 days, as was correctly listed in the abstract of judgment and the clerk's minute order. He asserts the discrepancy was because "the probation report calculated 513 actual days

to April 25, 2019, the date sentencing was originally set to take place, instead of to June 18, 2019, the date on which he was actually sentenced." Because we remanded for resentencing on other grounds, we did not address this issue in our prior decision. Defendant asserts, at resentencing, the court awarded him 1,745 actual days for the period from his arrest on November 29, 2017, to his resentencing on September 8, 2022, but it awarded no section 2933.1 credits and instead left the calculation of the section 2933.1 credits to the Department of Corrections and Rehabilitation on the advice of the probation officer. The abstract of judgment following the resentencing hearing lists "0" local conduct credits. Defendant asserts "[t]he court should have re-awarded [defendant] the 85 days of section 2933.1 credits, as recorded in the clerk's minutes and abstract of judgment, which [he] had earned as of the date of the original sentencing, June 18, 2019," and we have the authority to correct the trial court's error. The People agree defendant should be awarded 85 days in section 2933.1 credits.

We agree with the parties that defendant should be awarded 85 days of local conduct credits and the abstract of judgment should be updated to reflect this amount. In addition to credit for time served, a defendant may earn credit "based upon the defendant's work and good conduct during presentence incarceration. (§§ 2900.5, subd. (a), 4019.) Such presentence credit is referred to as conduct credit." (*People v. Duff* (2010) 50 Cal.4th 787, 793.) Section 2933.1, subdivision (a) provides in part: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933 [relating to prison credits]." Additionally, "[n]otwithstanding Section 4019 or any other provisions of the law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of

11.

the actual period of confinement for any person specified in subdivision (a)." (§ 2933.1, subd. (c).)

Here, defendant was convicted of a felony in which he used a firearm, which use was charged and proven as provided in section 12022.5, subdivision (a)—an offense listed in section 667.5, subdivision (c). The trial court originally orally awarded defendant 513 actual days of custody credit and 76 days in local conduct credits pursuant to section 2933.1 at the first sentencing hearing. Fifteen percent of 513 is 76.95. "Thus the trial court awarded [defendant] the largest whole number of days which did not exceed 15 percent, or more accurately 15.00 percent." (*People v. Ramos* (1996) 50 Cal.App.4th 810, 815–816.) However, defendant was arrested on November 29, 2017, and originally sentenced on June 18, 2019. Thus, as defendant previously argued, and is reflected in the minute order and abstract of judgment, he should have originally been awarded a total of 567 days in actual presentence custody and 85 days in local conduct credits pursuant to section 2933.1.

Because "an appellate remand solely for correction of a sentence already in progress does not remove a prisoner from the Director's custody or restore the prisoner to presentence status as contemplated by section 4019" (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 33), at the resentencing hearing the trial court should have awarded defendant the same amount of local conduct credit he was due at the original sentencing hearing pursuant to section 2933.1—85 days. (See *People v. Duff*, *supra*, 50 Cal.4th at p. 793 ["At the time of sentencing, credit for time served, including conduct credit, is calculated by the court" and the "credit 'in effect, becomes part of the sentence'"]; *People v. Brown* (2012) 54 Cal.4th 314, 321 ["California's Department of Corrections and Rehabilitation … does not determine and award presentence credits; the sentencing court does"].) Accordingly, we accept the People's concession and conclude the judgment should be modified to reflect defendant is to receive 85 days of local conduct credit. (See *People v. Acosta* (1996) 48 Cal.App.4th 411, 427–428 & fn. 8 ["the failure

to award an adequate amount of credits is a jurisdictional error which may be raised at any time" and § 1237.1 does not preclude defendant from challenging presentence credit on appeal where other issues are raised]; accord, *People v. Duran* (1998) 67 Cal.App.4th 267, 270.)

### III. The Abstract of Judgment Must Be Modified

In his final issue, defendant contends the abstract of judgment erroneously reflects the sentence on count 1 as a stayed midterm of "0" years and "0" months and the term for the section 12022.5, subdivision (a) enhancement on count 1 also as a stayed term of "0" years and "0" months though the court sentenced defendant to a midterm of three years on count 1 plus four years for the section 12022.5, subdivision (a) enhancement. Additionally, he asserts the abstract of judgment indicates the eight-month terms for counts 4 and 5 were "Consecutive Full Term" sentences, but these were consecutive sentences imposed at one-third the midterm. Accordingly, the abstract of judgment should be corrected to indicate the sentences as to these counts was "1/3 Consecutive" instead of "Consecutive Full Term." The People agree with defendant's contentions. We, too, agree.

"When an abstract of judgment does not reflect the actual sentence imposed in the trial judge's verbal pronouncement, this court has the inherent power to correct such clerical error on appeal, whether on our own motion or upon application of the parties." (*People v. Jones* (2012) 54 Cal.4th 1, 89.) We therefore order the abstract of judgment be corrected to conform to the actual sentence imposed by the trial court on count 1 and the related section 12022.5, subdivision (a) enhancement, namely, stayed terms of three years and four years, respectively, and to list the terms on counts 4 and 5 as "1/3 Consecutive" terms as opposed to "Consecutive Full" terms.

13.

## DISPOSITION

The trial court is ordered to modify the abstract of judgment to reflect (1) a stayed sentence of three years as to count 1, (2) a stayed sentence of four years as to the section 12022.5, subdivision (a) enhancement to count 1, (3) designations of the terms on counts 4 and 5 as "1/3 Consecutive" terms as opposed to "Consecutive Full" terms, and (4) 85 days of local conduct credit and total credits of 1,830 days. The court is further ordered to forward the corrected abstract of judgment to the California Department of Corrections and Rehabilitation. In all other respects, we affirm the judgment.