Filed 3/28/24  P. v. Romero CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIAN D. ROMERO,<br><br>    Defendant and Appellant. | H050553<br>(Santa Clara County<br>Super. Ct. No. C1777217) |

During Julian D. Romero's first appeal, the Legislature amended Penal Code section 654 to give trial courts discretion to impose the lesser of alternative sentences by which a single act is punishable.[1]  (Assem. Bill No. 518 (2021–2022 Reg. Sess.).)  We found no merit to Romero's other claims, but because Assembly Bill No. 518 applies retroactively to cases not yet final on direct appeal, we remanded the matter "for the sole purpose of permitting the [trial] court to exercise its discretion under the amended version of section 654."

---

[1] Undesignated statutory references are to the Penal Code.  Former section 654 provided, in relevant part:  "An act or omission that is punishable in different ways by different provisions shall be punished under the provision that provides for the longest potential term of imprisonment . . . ."  (Stats. 1997, ch. 410, § 1, p. 2753.)  Effective January 1, 2022, Assembly Bill No. 518 amended section 654, which now provides, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions . . . ."  (§ 654, subd. (a).)

On remand, the trial court declined to modify Romero's sentence under amended section 654 and also denied Romero's new request to dismiss his strike priors under Senate Bill No. 81 (2021–2022 Reg. Sess.), which amended section 1385 to require trial courts, prospectively, to dismiss enhancements in the interest of justice under enumerated circumstances.  (See § 1385, subd. (c) (section 1385(c)).)

Romero again appeals, arguing that the trial court erred in concluding that section 1385(c) did not apply to strike priors.  Romero also argues that the trial court abused its discretion by failing to consider evidence of his post-conviction rehabilitation in declining to impose a lower term sentence under amended section 654.

We conclude that the trial court, given the prospective language of section 1385(c) and our limited directions on remand, was not obliged to grant Romero relief under section 1385(c), and that the court did not abuse its discretion under amended section 654.[2]  We affirm the judgment.

## I.    BACKGROUND

In 2019, a jury convicted Romero of three counts of aggravated sexual assault on a child under the age of 14 (§ 269, subd. (a)(1), (4) & (5)) (count 1-3), 10 counts of lewd acts on a child under the age of 14 (§ 288, subd. (a)) (counts 4-13), and six counts of lewd acts on a child 14 or 15 years of age (§ 288, subd. (c)(1)) (counts 14-19).  The trial court found true "one-strike" allegations as to counts 4 through 13 (§ 667.61, subd. (d)), and further found that Romero had sustained convictions for two strike priors (§ 1170.12).  The court sentenced Romero to an aggregate term of 900 years to life.[3]

---

[2] Because we conclude that the trial court was not required to grant Romero relief under newly enacted section 1385(c), we do not reach the question of whether section 1385(c)'s use of the word "enhancement" extends to strike priors alleged under the Three Strikes law.

[3] The parties agree that the acts punishable in counts 1, 2, and 3 are the same as those punishable in counts 4, 5, 6, respectively.

Romero appealed, advancing numerous challenges to his convictions and sentence, including the argument that he is entitled to the ameliorative effects of Assembly Bill No. 518, which amended section 654. The Attorney General conceded that Assembly Bill No. 518 was retroactive under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) to cases not final as of its effective date and thus applied to Romero.

We reversed and remanded with the following directions: "The judgment is reversed, and the matter is remanded to the trial court for the sole purpose of permitting the court to exercise its discretion under the amended version of section 654. If the court decides to impose the same sentence as it did originally, it shall reinstate the judgment. If the court decides otherwise, it shall resentence defendant." (*People v. Romero* (Jan. 19, 2022, H047034) [nonpub. opn.] (*Romero I*).)

In the trial court, Romero acknowledged our remand directions in *Romero I* but nevertheless urged the trial court to conduct a full resentencing hearing and to apply Senate Bill No. 81—effective almost three weeks before our opinion in *Romero I*—to dismiss his strike priors. Senate Bill No. 81 amended section 1385 to add subdivision (c), which now provides, "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) Subdivision (c) further lists specific mitigating factors trial courts must consider when deciding whether to strike an enhancement from a defendant's sentence, but the subdivision also expressly applies only to "sentencings occurring after January 1, 2022." (See § 1385, subd. (c)(2) & (7); *People v. Sek* (2022) 74 Cal.App.5th 657, 674 (*Sek*).)

In addition, Romero asked the court to "consider the rehabilitative programs he has engaged in while in the custody of the California Department of Corrections [and Rehabilitation]" in deciding whether to exercise its discretion under amended section 654. Those programs included bible study classes; courses on successful reintegration into society, anger management, mindful kindness, victim impact; and two

3

humanities courses through the University of California, Santa Barbara.  The district attorney took no position on the exercise of discretion under amended section 654 but opposed the application of section 1385(c), arguing that the issue was beyond the scope of the remittitur and that in any event, section 1385(c) did not apply to strike priors.

The trial court declined to apply section 1385(c) to dismiss Romero's strike priors. First, the court stated that the terms of the remittitur defined its jurisdiction.  As we remanded "for the sole purpose of permitting the trial court to exercise its discretion under the amended version of Penal Code [s]ection 654," the trial court did not believe it had authority to address anything beyond that issue.  Second, the trial court stated that even if it had authority to consider the applicability of section 1385(c), it did not believe the provision applied to Romero's strike priors because strike priors are not "enhancements" but part of an alternative sentencing scheme and not within the scope of section 1385(c).  Finally, even if section 1385(c) did apply to strike priors, the trial court indicated that on the record before it, "without more," it would not be inclined to exercise its discretion to dismiss them.

The trial court further declined to exercise its discretion under amended section 654.  The court based its decision on "the facts and circumstances presented during the trial, the information presented to the [c]ourt at the time judgment was originally imposed, and additional information presented to the [c]ourt by the defense." The court emphasized several aggravating factors in reaching this decision, including the youth and vulnerability of the victim, the planning and sophistication of the offenses, the fact that the offenses took place over an extensive period of time, that in committing the offenses, Romero "took advantage of a position of trust," and that Romero had "engaged in prior violent conduct and served prior prison terms."

The court reinstated the original sentence.  Romero timely appealed.

4

## II.    DISCUSSION

On appeal, Romero maintains the trial court erred by failing to appreciate its authority under newly enacted section 1385(c), and by failing to consider under section 654 Romero's post-conviction rehabilitation.  We review a trial court's discretionary sentencing decisions for an abuse of discretion.  (*People v. Nicolas* (2017) 8 Cal.App.5th 1165, 1182.)  Under this standard, the court's ruling " 'will not be disturbed on appeal "unless [it] is so irrational or arbitrary that no reasonable person could agree with it." ' " (*Ibid.*)

### A.    *The Remittitur Did Not Implicate the Full Resentencing Rule*

Romero's first argument turns on whether Senate Bill No. 81, applicable to sentencings that occur on or after January 1, 2022, extends to a proceeding on remand where the trial court does not engage in resentencing.[4]  It does not.

As Romero acknowledges, our remittitur " 'define[s] the trial court's jurisdiction to act' " and is " ' " 'decisive of the character of the judgment to which the appellant [was] entitled.' " [Citations.]' " (*People v. Hargis* (2019) 33 Cal.App.5th 199, 204; *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64 [deeming " ' "[a]ny material variance from the directions . . . unauthorized and void" ' "].)  The scope of the trial court's authority on remand here was "limited solely to the making of orders necessary to carry the judgment into effect." (*People v. Ainsworth* (1990) 217 Cal.App.3d 247, 251–252].)

Romero contends, however, that our remand directions implicated the full resentencing rule, entitling the trial court to "consider the entire sentencing scheme,"

---

[4] *Estrada*'s presumption of retroactivity does not extend to expressly prospective legislation like Senate Bill No. 81.  (Cf. *People v. Mitchell* (2023) 97 Cal.App.5th 1127, review granted Feb. 21, 2024, S283474 [holding that *Estrada* retroactivity of Assem. Bill No. 333 (2021–2022 Reg. Sess.) extended to proceeding not final on limited remand].)  Initially sentenced before the effective date of Senate Bill No. 81, Romero cannot invoke section 1385(c) unless he is otherwise entitled to full resentencing on an independent ground.

including new sentencing legislation that went into effect during the pendency of the initial appeal.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Jones* (2022) 79 Cal.App.5th 37, 44–46.)  We disagree with Romero's characterization of our remand directions.

The Supreme Court has long "rejected the notion that an appellate remand that requires the exercise or re[-]exercise of sentencing discretion necessarily results in a full resentencing."  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 34–35 (*Buckhalter*); see also *People v. Rodriguez* (1998) 17 Cal.4th 253 (*Rodriguez*).)  In *Rodriguez*, the California Supreme Court held that a reviewing court "may properly remand [a matter] to permit the trial court to make the threshold determination of whether to exercise its discretion in defendant's favor without necessarily requiring resentencing unless the court does act favorably."  (*Rodriguez*, at p. 258.)  As the high court later explained in *Buckhalter*, "*Rodriguez* . . . negated the theory that a limited appellate sentence remand pursuant to section 1260 itself vacates the original sentence."[5]  (*Buckhalter*, at p. 35.)  On remand, if "the trial court decided not to exercise its discretion to modify the original sentence, . . . the defendant *need not be resentenced*" because "the original sentence . . . continued to govern the defendant's custody, unless and until it was disturbed as a result of the remand proceedings."  (*Id.* at pp. 35–36.)

*Buckhalter* and *Rodriguez* are dispositive.  Like *Buckhalter*, our remand directions in *Romero I* did not require the trial court to resentence Romero, but "permit[ed] the court to exercise its discretion under the amended version of section 654."  In framing our remand directions in those terms, we "plainly indicated" that should the court decide not

---

[5] Section 1260 "sets out the permissible dispositions of a cause on appeal." (*Rodriguez, supra*, 17 Cal.4th at p. 258.)  It provides, in full: "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." (§ 1260.)

to exercise its discretion under section 654, it could leave in place the same sentence it had before.  (See *Buckhalter, supra*, 26 Cal.4th, at pp. 35–36.)  In other words, rather than remanding for resentencing, we remanded the matter to "permit the trial court to make [a] threshold determination" (*Rodriguez, supra*, 17 Cal.4th, at p. 258)—i.e., whether to exercise its discretion under amended section 654.  Having decided against the exercise of that discretion, the trial court reinstated the original judgment as the remittitur permitted.  Under these circumstances, where no resentencing takes place, the full resentencing rule is not implicated, and the trial court was therefore bound by the terms of our remittitur, precluding the court from considering section 1385(c).

*People v. Cervantes* (2021) 72 Cal.App.5th 326 (*Cervantes*) is illustrative.  The trial court sentenced defendant to 29 years four months for assault with a firearm, including a 10-year enhancement for personal use of a firearm.  (*Id*. at p. 329.)  While the appeal was pending, Senate Bill No. 620 took effect, giving trial courts additional discretion to dismiss firearm enhancements, and under *Estrada*, applied retroactively to judgments not yet final.  (See *id.* at pp. 330–331.)  The Court of Appeal remanded the matter " 'to allow the trial court to exercise its discretion to strike the firearm enhancements under section 12022.5, subdivision (c).' "  (*Id*. at p. 329.)

At the hearing on the remittitur, the trial court declined to strike the firearm enhancements.  (*Cervantes, supra*, 72 Cal.App.5th, at pp. 329–330.)  Defendant then renewed his request to the trial court to dismiss his strike prior under section 1385, subdivision (a).  (*Id*. at p. 330.)  The trial court expressed doubt as to whether it had authority to do so, but indicated that even if it did, it would not be inclined to exercise its discretion.  (*Id*. at p. 330.)

Defendant again appealed, arguing that the trial court " 'failed to exercise its informed discretion' in not reconsidering his entire sentence" under the full resentencing rule.  (*Cervantes, supra*, 72 Cal.App.5th at pp. 330–331.)  The Court of Appeal rejected this argument, explaining that " '[t]he issues a trial court may address in remand

7

proceedings are . . . limited to those specified in the reviewing court's directions, and if the reviewing court does not direct the trial court to take a particular action or make a particular determination, the trial court is not authorized to do so.' " (*Id.* at p. 332.) The court there noted, "[W]e directed the trial court to consider its discretion to dismiss the firearm enhancement under section 12022.5, subdivision (c)—not whether or not to dismiss the strike priors in the first instance." (*Ibid.*) As such, "the trial court's action in the remand proceeding, based on our remittitur, was proper." (*Id.* at p. 333.) The *Cervantes* court further concluded that its remand directions did not trigger the full resentencing rule. "[O]ur disposition was clear—'The matter is remanded to allow the trial court to exercise its discretion to strike the firearm enhancements under section 12022.5, subdivision (c).' We did not vacate the sentence in any way— resentencing was ultimately not required." (*Id*. at p. 332.)

Like the court in *Cervantes*, we remanded Romero's case "for the sole purpose of permitting the [trial] court to exercise its discretion under the amended version of section 654"—not to consider the applicability of section 1385(c) to Romero's sentence. We also directed the trial court to resentence Romero *only if* it decided to impose a different sentence than it had before.[6] Because " '[t]he issues a trial court may address in remand proceedings are . . . limited to those specified in the reviewing court's directions" (*Cervantes, supra*, 72 Cal.App.5th at p. 332), the trial court—on deciding section 654 as amended warranted no change to the original sentence—correctly concluded it did not have authority to go beyond the remittitur to consider whether to dismiss Romero's strike priors pursuant to newly enacted (and prospective) section 1385(c).

---

[6] For this reason, we distinguish *Sek*, where the Court of Appeal struck gang and firearm enhancements as to all counts and therefore directed that the trial court "shall resentence" Sek and "must apply" Senate Bill No. 81's changes to section 1385(c). (*Sek, supra*, 74 Cal.App.5th at p. 674.)

**B.**	*The Trial Court Properly Considered Evidence of Romero's Post-Conviction Rehabilitation*

Romero next argues that the trial court failed to exercise its informed discretion under section 654 because it did not consider evidence of his post-conviction rehabilitation. This evidence, filed as an attachment to Romero's resentencing memorandum, consisted of proof of Romero's participation in numerous in-custody classes. Romero argues that because the trial court did not reference this evidence during the hearing on the remittitur, we must infer that it "ignored" this evidence, or was otherwise unaware of its obligation to take this evidence into account in deciding whether to exercise its discretion to impose the lower term.

Romero misreads the record. The trial court in announcing it was "not inclined to exercise its discretion regarding [amended] Penal Code [s]ection 654 as it applies to [c]ounts 1, 2, 3, and 4, 5, 6" referenced its consideration of "additional information presented to the [c]ourt by the defense" since the original judgment. The only "additional information" Romero presented on remand was evidence of his post-conviction rehabilitation efforts. From this, we understand that the trial court met its obligation to consider "pertinent circumstances which have arisen since the prior sentence was imposed." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 460; *People v. Yanaga* (2020) 58 Cal.App.5th 619, 628–629 [trial court must consider post-conviction conduct in deciding whether to exercise discretion on remand].) Although the trial court did not specifically describe Romero's evidence during the hearing, it advised the parties numerous times that it had read, considered, and "spent a lot of time reviewing the points and authorities filed by both parties"—of which the obligation to consider post-conviction rehabilitation evidence was a part. And even on a silent record, "a reviewing court will presume the trial court had a proper basis for a particular finding or order." (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114; *In re Julian R.* (2009) 47 Cal.4th 487, 498–499.)

9

On this record, we discern no failure to consider Romero's post-conviction rehabilitation in the trial court's declining to exercise its discretion under section 654.[7]

## III.  DISPOSITION

The judgment is affirmed.

---

[7] Because we conclude that the trial court properly considered evidence of Romero's post-conviction rehabilitation, we reject Romero's related argument that the court's failure to consider such evidence violated his federal due process rights.

_____

LIE, J.

WE CONCUR:

_____

GREENWOOD, P. J.

_____

ADAMS, J.*

*People v. Romero*
H050553

---

*Judge of the Santa Clara Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.